TAYLOR v MOBLEY

Docket No. 274628. Submitted January 9, 2008, at Detroit. Decided June 3, 2008, at 9:15 a.m.

Brittany Taylor brought an action in the Lenawee Circuit Court against Jeffrey Mobley and others, seeking damages for injuries she sustained when bitten by the defendants' dog. A jury returned a verdict in favor of the plaintiff, awarding her damages for medical expenses incurred, but not noneconomic damages for pain and suffering and other alleged mental injuries. The court, Harvey A. Koselka, J., denied the plaintiff's motion for a new trial or additur. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion by denying the plaintiff's motion for a new trial or additur. Although, the plaintiff argued that a new trial was warranted because the verdict was clearly or grossly inadequate, MCR 2.611(A)(1)(d), or was against the great weight of the evidence, MCR 2.611(A)(1)(e), she did not establish that the jury ignored evidence of noneconomic damages. The jury was free to disbelieve the plaintiff's testimony on noneconomic damages and to credit all countervailing evidence on this issue. The fact that the jury awarded damages based on physical injury did not obligate it to also award damages for pain and suffering.

2. The trial court did not abuse its discretion by not allowing the plaintiff to present at trial evidence that the defendant's dog was a pit bull. The trial court correctly ruled that while the size of the dog was relevant, the fact that it was a pit bull was irrelevant to the issue of damages and was more prejudicial than probative, MRE 403.

Affirmed.

GLEICHER, J., dissenting, stated that a new trial is required because the jury's verdict on noneconomic damages was against the great weight of evidence that established that the plaintiff suffered pain, fright, and shock during and after the dog's unprovoked attack, MCR 2.611(A)(1)(e). No law or legal theory permits a jury to entirely disregard uncontroverted evidence of pain and

suffering in a strict-liability case like this one, and the court rules unambiguously call for a new trial when a verdict is against the great weight of the evidence. Additionally, the trial court abused its discretion by excluding evidence of the dog's breed. Evidence of the breed had strong probative value in substantiating the plaintiff's fear and shock during the attack, and the risk of undue prejudice was minimal and did not outweigh the probative value of that evidence. MRE 403.

*Morgan & Meyers, PLC* (by *Courtney E. Morgan, Jr.,* and *Brian J. Nagy*), for the plaintiff.

*DeLoof, Hopper, Dever & Wright, PLLC* (by *Thomas M. Wright*), for the defendants.

Before: SAAD, C.J., and BORRELLO and GLEICHER, JJ.

SAAD, C.J. In this statutory dog-bite action,[1] plaintiff appeals the judgment entered in her favor because she claims the trial court erred when it denied her motion for a new trial or additur. In her view, the jury's damages award, which failed to award her noneconomic damages for pain and suffering, was either (1) against the great weight of the evidence or (2) clearly inadequate because the jury ignored uncontroverted evidence of pain and suffering. Plaintiff also says that the trial court's evidentiary ruling that precluded plaintiff from identifying the dog's breed denied her a fair trial. For the reasons set forth below, we affirm the trial court's rulings.

---

[1] Michigan's dog-bite statute, MCL 287.351, provides, in part:

(1) If a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness.

### I. INADEQUATE MONETARY AWARD/GREAT WEIGHT OF THE EVIDENCE

Plaintiff contends that the trial court should have granted her motion for a new trial or additur because the jury ignored uncontroverted evidence of noneconomic damages, specifically, her pain and suffering in encountering the attack. In analyzing this contention, we are mindful that the adequacy of the amount of damages awarded is ordinarily within the province of the jury and that awards for pain and suffering rest within the sound judgment of the trier of fact.[2] Yet, despite this significant deference we must pay to the jury's determinations, there is room for limited appellate review. MCR 2.611(A).[3]

Plaintiff asserts that the jury award is "inadequate" under MCR 2.611(A)(1)(d) because the jury simply ignored evidence that the dog bite resulted in some measure of pain and suffering, and fright and shock. She argues that the evidence of these damages was uncontroverted because defendants never argued that the dog bite was not frightening or painful, but confined their defense to the extent or amount of the damages. In plaintiff's view, because the jury awarded her past

---

[2] *Kelly v Builders Square, Inc*, 465 Mich 29, 35; 632 NW2d 912 (2001); *Bosak v Hutchinson*, 422 Mich 712, 736; 375 NW2d 333 (1985).

[3] MCR 2.611(A) provides, in part:

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

* * *

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

medical expenses only, this establishes that the jury ignored this uncontested evidence of other damages. While plaintiff's argument has some surface merit, it does not withstand closer scrutiny, for several reasons, one of which is contained in the verdict form. The verdict form, which, significantly, was prepared by plaintiff, reads:

> *If you find* that Ms. Taylor's injuries resulted in noneconomic damages for pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; embarrassment; humiliation or mortification; and scarring on her leg, what is the total amount of Ms. Taylor's noneconomic damages to the present date? [Emphasis added.]

Because of the conditional nature of the inquiry posed by the verdict form, plaintiff cannot demonstrate that the jury ignored evidence of noneconomic damages by simply pointing to the jury's entry of zero on the verdict form. The plain language of the verdict form does not compel the conclusion that the jury ignored uncontested evidence of damages, but instead leaves open other plausible explanations. For example, the jury may have considered plaintiff's testimony and either disbelieved plaintiff's testimony regarding pain and suffering or determined that plaintiff's noneconomic damages were insufficiently serious to be compensable, or both. The verdict form asks the trier of fact to decide whether plaintiff sustained noneconomic damages, and, if so, to assign a dollar amount to the damages. The jury could have reasonably considered and properly assigned weight to the evidence presented, and concluded that plaintiff lacked credibility regarding her testimony about pain and suffering or that plaintiff experienced a minimal amount of pain and suffering that was insufficient to warrant compensation.

Moreover, though plaintiff testified that she experienced pain and suffering, the jury may have both disbelieved her and credited and given great weight to countervailing evidence that undermined plaintiff's credibility and spoke to the lack of "seriousness" of this component of damages. The jury may have credited and relied on evidence that plaintiff waited three days before she sought medical attention for the dog bite and, when she did go to the hospital, her treatment was limited to the administration of antibiotics and a prescription for pain medication and did not involve stitches or other surgical procedures. And, though plaintiff did meet with a cosmetologist and a plastic surgeon, these consultations occurred about 18 months after the incident, and plaintiff viewed the $25 treatments offered by the cosmetologist as too expensive. Testimony also revealed that plaintiff appeared to be only in "a little bit of pain" immediately after the "little" dog bite. Of course, most importantly, the jury, and not this Court, had the opportunity to weigh the credibility of plaintiff.[4]

In *Kelly v Builders Square, Inc*, 465 Mich 29, 38-39; 632 NW2d 912 (2001), the Michigan Supreme Court held:

> The grounds for granting a new trial, including a verdict contrary to the great weight of the evidence, are now codified at MCR 2.611(A)(1). The court rule provides the only bases upon which a jury verdict may be set aside . . . . A jury's award of medical expenses that does not include damages for pain and suffering does not entitle a plaintiff to a new trial unless the movant proves one of the grounds articulated in the court rule.

---

[4] "[W]here reasonable minds could differ regarding the level of certainty to which damages have been proved, this Court is careful not to invade the fact finding of the jury and substitute its own judgment." *Severn v Sperry Corp*, 212 Mich App 406, 415; 538 NW2d 50 (1995).

\* \* \*

> In short, the jury is free to credit or discredit any testimony. It may evaluate the evidence on pain and suffering differently from the proof of other damages. No legal principle requires the jury to award one item of damages merely because it has awarded another item.

Plaintiff and the dissent totally ignore that the jury could have simply disbelieved and discredited plaintiff's testimony regarding pain and suffering.

In light of the jury's unique role in determining plaintiff's credibility and weighing the other evidence that supports the jury's verdict,[5] plaintiff has failed to demonstrate that the verdict was grossly inadequate under MCR 2.611(A)(1)(d) or against the great weight of the evidence under MCR 2.611(A)(1)(e). Thus, plaintiff has not shown that the trial court abused its discretion when it declined to grant her a new trial or additur.[6]

Here, the jury was free to disbelieve plaintiff's testimony regarding noneconomic damages and to credit all countervailing evidence on this issue. *Kelly, supra* at

---

[5] The question of credibility is generally for the fact-finder to decide. See *Dep't of Community Health v Risch*, 274 Mich App 365, 372; 733 NW2d 403 (2007). Furthermore, the jurors' prerogative to disbelieve testimony, including uncontroverted testimony, is well established. *Strach v St John Hosp Corp*, 160 Mich App 251, 271; 408 NW2d 441 (1987), citing *Baldwin v Nall*, 323 Mich 25, 29; 34 NW2d 539 (1948). See also *Harvey v Office of Banks & Real Estate*, 377 F3d 698, 712 (CA 7, 2004); *Kasper v St Mary of Nazareth Hosp*, 135 F3d 1170, 1173 (CA 7, 1998).

[6] Our appellate courts substantially defer to trial courts in their determination to grant or deny a motion for new trial, and, thus, we review for an abuse of discretion. *Allard v State Farm Ins Co*, 271 Mich App 394, 406; 722 NW2d 268 (2006). Our deference to trial courts rests in large measure on the trial court's opportunity to hear the witnesses and its consequent position to assess credibility. *Morinelli v Provident Life & Accident Co*, 242 Mich App 255, 261; 617 NW2d 777 (2000).

38-39. The fact that it awarded damages based on physical injury did not obligate it to also award damages for her pain and suffering. *Id.* at 39. Hence, the trial court properly declined to disturb the jury's award.

### II. EVIDENTIARY RULING ON TYPE OF DOG

Plaintiff contends, and the dissent agrees, that the trial court abused its discretion when it excluded evidence that her injuries were caused by a pit bull. Under well-established Michigan law, the decision to admit or exclude evidence is within the discretion of the trial court, and this Court will not disturb the ruling on appeal in the absence of an abuse of discretion. *Elezovic v Ford Motor Co*, 472 Mich 408, 419; 697 NW2d 851 (2005). And, though we may have ruled differently, the level of deference we must give to the trial court under well-established Michigan law prohibits reversal if we merely disagree with the trial court. Moreover, a trial court clearly does not abuse its discretion where its decision falls within the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Thus, the question before us is not whether we agree with the trial court. Instead, the only question before us is whether the trial court's decision is within the range of principled outcomes.

Though relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403. Unfair prejudice exists where there is danger that the evidence will be given undue or preemptive weight by the trier of fact or when it would be inequitable to allow the use of such evidence.

Here, the trial court ruled that while the size of the dog is relevant, the fact that the dog is a pit bull is

irrelevant to the issue of damages and is more prejudicial than probative. The trial court held that there was danger that the jury could give undue weight to evidence that the dog was a pit bull. The trial court's reasoning suggests that, if plaintiff introduced evidence that she was bitten by a pit bull, the jury could confuse or conflate the issues of liability and damages. The trial court expressed concern that the jury could have given undue weight to the reputation of pit bulls as being vicious. Plaintiff is correct in her assertion that there is a difference between being attacked by a pit bull and a chihuahua. However, the trial court recognized and allowed for this difference by permitting plaintiff to describe the size of the dog and the nature and specifics of the attack. We view this evidentiary ruling as a close question, and precisely because this is a close question, we hold that the trial court's evidentiary ruling does not constitute an abuse of discretion. *Maldonado, supra* at 388.

Affirmed.

BORRELLO, J., concurred.

GLEICHER, J. (*dissenting*). I respectfully dissent. The jury's failure to award noneconomic damages irreconcilably conflicted with unrebutted, unchallenged, and undeniable evidence that plaintiff suffered pain, fright, and shock during and after the unprovoked attack by defendants' dog. Because the jury's verdict on noneconomic damages was against the great weight of the evidence, I believe that a new trial is required. MCR 2.611(A)(1)(e).

A new trial may be granted whenever the "substantial rights" of a party are "materially affected" by a verdict or decision that is "against the great weight of

the evidence or contrary to law." MCR 2.611(A)(1)(e). If the record reveals evidence that preponderates so heavily against a verdict that it would be a miscarriage of justice to allow the verdict to stand, a new trial is required. *Campbell v Sullins*, 257 Mich App 179, 193; 667 NW2d 887 (2003). This is such a case.

The record evidence demonstrates that the dog's attack was both shocking and painful. Plaintiff drove to defendants' home at the invitation of a friend, who was dating defendant Ryan Mobley and wanted plaintiff to meet him. The parties did not dispute that when plaintiff arrived at Ryan's home and attempted to get our of her car, defendants' pit bull suddenly jumped into the vehicle and bit her abdomen and right inner thigh. Plaintiff screamed and struggled to free herself from the dog's teeth. The dog refused to loosen its grip on plaintiff's leg until Ryan punched it in the head several times. Plaintiff did not know that defendants owned a dog and had no reason to anticipate that the dog would leap at her as soon as she opened her car door. Defendants admitted liability pursuant to a strict-liability statute, which states, in pertinent part, that "the owner of the dog shall be liable for *any* damages suffered by the person bitten . . . ." MCL 287.351(1) (emphasis supplied).

At no time during trial did defendants challenge the obvious fact that plaintiff, a 16-year-old girl suddenly, unforeseeably, and viciously attacked by a pit bull, had suffered fright, shock, and pain. To the contrary, defense counsel admitted in his opening statement that although plaintiff continued to engage in normal activities after the attack, "this isn't to say that she wasn't bitten, that it didn't hurt, or that she didn't have some discomfort during the healing process."

The majority opinion does not address defendants' implicit and explicit trial admissions that plaintiff suf-

fered pain, fright, and shock occasioned when their dog lunged at plaintiff and twice bit her. Rather than acknowledging that the jury patently disregarded its duty to "reasonably, fairly and adequately"[1] compensate plaintiff for her unchallenged injuries, the majority seeks to justify the verdict by using the wording of the jury verdict form to construct a hypothesis that the jury "either disbelieved plaintiff's testimony regarding pain and suffering or determined that plaintiff's noneconomic damages were insufficiently serious to be compensable, or both." *Ante* at 312. In my view, the jury verdict form and the hypothesis advanced by the majority have nothing to do with a correct application of MCR 2.611(A)(1)(e).

A jury is certainly entitled to "disbelieve" a witness's testimony. In this case, however, no evidence contradicted plaintiff's testimony regarding the pain that attended the dog's bites and that she suffered fright and shock during the dog's unforeseen attack. Simply put, no rational or evidentiary basis existed for the jury's "disbelief" of this testimony. The majority apparently concludes that the jury decided that this vicious attack caused neither pain nor fear. If the jury so concluded, it did so against the great weight of uncontroverted evidence.

The majority's suggestion that perhaps the jury decided that plaintiff's noneconomic damages "were insufficiently serious to be compensable" is similarly flawed, both logically and legally. The jury did not conclude that plaintiff sustained *de minimis* damages; it awarded *nothing* for her pain and suffering, despite unchallenged evidence of both. Additionally, no law or legal theory permits a jury to entirely disregard uncontroverted evidence of pain and suffering in a strict-

---

[1] M Civ JI 50.01.

liability case, on the basis of a finding that these damages qualify as "insufficiently serious to be compensable." The law mandates that the jury compensate an injured plaintiff for his or her injuries, and a jury that refuses to do so nullifies the law.

Similarly, this Court may not abdicate its legal responsibility to carefully and fairly examine the evidence under MCR 2.611(A)(1)(e) when requested to so. The court rule requires us to weigh the evidence actually submitted to the jury and to determine whether the great weight of that evidence preponderated in plaintiff's favor. The verdict form's question regarding noneconomic damages does not, and cannot, alter the nature of the proofs presented at trial. The court rules do not contemplate the construction of hypotheses intended to rehabilitate an unfounded jury verdict that obviously contravenes the great weight of the evidence. Although I agree with the majority that appellate courts owe due deference to a jury verdict, the Michigan Court Rules unambiguously call for a new trial when a verdict is against the great weight of the evidence, and I have difficulty imagining a more appropriate application of that court rule than to this case.

In denying plaintiff's motion for a new trial, the trial court committed an error of law because it did not weigh the evidence of plaintiff's pain, fright, and shock, all compensable elements of damages pursuant to M Civ JI 50.02.[2] Instead, the trial court focused on the fact

---

[2] Regarding pain, suffering, fright, and shock, the trial court cited only a witness's statement that after the attack, plaintiff "appeared only in a little bit of pain . . . ." The actual witness testimony reflects the following exchange:

*Q.* Was she crying?

*A.* She was scared, yeah.

that plaintiff's scarring appeared to be minimal and that she did not see a doctor until three days after the dog had bitten her.[3] Had the trial court followed MCR 2.611(A)(1)(e) and weighed the evidence supporting and refuting plaintiff's claim for noneconomic damages, it would have been forced to concede that *no* evidence contradicted plaintiff's testimony that she suffered pain, fright, and shock and that no reasonable juror could find that the dog's attack was a painless, non-threatening event. Because the damages verdict went against the great weight of that evidence, the trial court abused its discretion in failing to grant plaintiff's motion for a new trial.

My analysis is entirely consistent with the Michigan Supreme Court's decision in *Kelly v Builders Square, Inc*, 465 Mich 29; 632 NW2d 912 (2001). In that case, a large box fell on the plaintiff's head and shoulder, and the plaintiff sued under a premises-liability theory. The jury awarded the plaintiff economic damages, but nothing for her pain and suffering. *Id.* at 31-32. The plaintiff asserted in a posttrial motion that the jury's awards of economic and noneconomic damages were fundamentally inconsistent, requiring a new trial. *Id.* at 32-33. The trial court granted the motion, and the Supreme Court reversed. The *Kelly* majority held that the trial court improperly awarded a new trial on the basis of verdict inconsistency because MCR 2.611(A) does not include inconsistency as a ground for a new trial. *Id.* at

---

*Q.* Did she appear to be in pain?

*A.* A little bit. She was bitten by a dog.

[3] The emergency room record introduced at trial states that plaintiff complained of "increased red/pain" at the site of her wounds since the date of the attack and that she received an injection of an antibiotic, as well as a prescription for Tylenol with codeine.

38-39. Notably, the Supreme Court expressly declined to address whether the jury's finding of zero dollars for noneconomic damages contravened the great weight of the evidence under MCR 2.611(A)(1)(e) because the Court determined that the plaintiff failed to preserve that argument. *Id.* at 40. The essence of the *Kelly* decision is that a party is not entitled to a new trial "unless the movant proves one of the grounds articulated in [MCR 2.611(A)(1)]." *Id.* at 38. Plaintiff in the instant case followed our Supreme Court's instruction in *Kelly* and moved for a new trial under MCR 2.611(A)(1)(e).

The majority reasons that "the jury was free to disbelieve plaintiff's testimony regarding noneconomic damages and to credit all countervailing evidence on this issue." *Ante* at 314. Aside from the fact that no countervailing evidence exists in this record, the majority's argument proves too much. If the majority is correct, we must sustain all verdicts challenged on appeal as being against the great weight of the evidence because in every case a jury remains free to ignore overwhelming and uncontroverted evidence. In *Kelly*, the Supreme Court directed courts to follow MCR 2.611(A), not to strip the rule of all meaning. Indeed, the Supreme Court instructed that "[a] jury's award of medical expenses that does not include damages for pain and suffering does not entitle a plaintiff to a new trial *unless the movant proves one of the grounds articulated in the court rule.*" *Id.* at 38 (emphasis supplied). A determination whether a verdict contravenes the great weight of the evidence requires careful analysis of the actual evidence, not formulaic rationalizations.

Moreover, our Supreme Court has firmly rejected the notion that judicial review is properly constrained by a jury's ability to accept or reject evidence. In the

summary-disposition context, for example, a nonmoving party may not rely on the potential for jury disbelief to supplant its duty to produce evidence demonstrating the existence of a genuine issue of material fact. MCR 2.116(G)(4). The argument that a jury may simply reject a movant's proffered evidence amounts to nothing more than an impermissible "mere denial," and cannot erase the requirement that a court actually review the evidence when deciding whether to grant summary disposition. See *McCart v J Walter Thompson USA, Inc*, 437 Mich 109, 115; 469 NW2d 284 (1991). Indisputably, a jury remains free to accept or reject any testimony at any time. That truism, however, cannot absolve this Court of its court-rule-imposed responsibility to conduct an evidentiary review in the context of MCR 2.611(A)(1)(e).

In my view, the plain language of MCR 2.611(A)(1)(e) mandates that this Court review and analyze the actual trial evidence. Had the majority done so, it would have concluded that when fairly weighed against the countervailing evidence, the jury's award of zero for plaintiff's noneconomic damages went against the great weight of the record evidence. If MCR 2.611(A)(1) has any true meaning and relevance, I believe a new trial must be ordered.

Finally, I believe that the trial court in the instant case also abused its discretion when it excluded evidence of the dog's breed. MRE 403 "does not prohibit prejudicial evidence; only evidence that is unfairly so." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). Only when marginally probative evidence will be afforded undue or preemptive weight should the court exclude it under MRE 403. *Id*. Plaintiff was attacked by a pit bull, not a toy poodle. The breed of the dog had strong probative value in substantiating plain-

tiff's fear and shock during the attack, and the risk of any undue prejudice was minimal; any risk of unfair prejudice did not *substantially* outweigh the high probative value of evidence regarding the dog's breed. The trial court's improper exclusion of the dog's breed contributed to the evisceration of plaintiff's claim for fright and shock damages. In my view, this error was not harmless and, in combination with the jury's unsupported verdict, requires a new trial.