*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RASHA NAZZAL,

        Plaintiff-Appellant,

v

JAMES EDWARD BAGAZINSKI,

        Defendant-Appellee.

UNPUBLISHED
November 21, 2023

No. 361319
Wayne Circuit Court
LC No. 18-015803-NI

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In this no-fault action, plaintiff appeals as of right the trial court's judgment for no cause of action entered in favor of defendant. At trial, the court admitted surveillance footage of plaintiff after the accident. On appeal, plaintiff contends the trial court erred when it admitted the video. However, there are no available transcripts for the trial, and because plaintiff failed to file to settle the record, it cannot be determined whether the trial court abused its discretion by admitting the video. Therefore, plaintiff abandoned appellate review of this issue, and we affirm.

## I. FACTUAL BACKGROUND

This case arises from a December 2015 motor vehicle accident, in which defendant's vehicle struck the rear of the vehicle plaintiff was operating. Plaintiff filed a complaint alleging that defendant was negligent in operating his vehicle and, as a result, plaintiff sustained injuries to her back, neck, and right leg. Plaintiff sought noneconomic damages for her injuries. Plaintiff testified at her deposition that she worked as an elementary school teacher, which required her to occasionally lift the children or lift other heavy objects. Plaintiff stated that, after the accident, she could not do any heavy lifting and would return "home crying from the pain" after work. She also noted that her doctor told her "to not lift anything above five pounds" after the accident.

In March 2020, defendant hired Shadow Investigation to conduct video surveillance of plaintiff. During its surveillance, Shadow Investigation observed plaintiff grocery shopping and recorded video footage of her lifting a "case of water." Plaintiff also was observed "loading and unloading bags . . . , lifting a stroller out of the trunk of a motor vehicle, and bending over." In

April 2020, after the deadline for filing witness lists, defendant filed an amended witness list to include "[a]ny and all investigators of Shadow Investigation."

Trial was set for October 2021. In September 2021, plaintiff filed a motion to exclude anyone from Shadow Investigation from appearing as a witness at trial. Plaintiff argued that defendant had not properly disclosed his witnesses or produced the reports and video related to the surveillance of plaintiff. Defendant argued that he was not required to give notice of the evidence because he planned to use the surveillance evidence as impeachment evidence. The court denied plaintiff's motion, but ordered defendant to disclose the surveillance video to plaintiff by the following day.

A two-day trial was held in October 2021. At the close of trial, the jury returned a verdict of no cause of action in favor of defendant. There is no transcript of the trial in the lower court record. Despite "extensive effort" to transcribe the recording of the trial, a transcript was unable to be made due to the "poor audio." In both of their briefs on appeal, plaintiff and defendant claim that (1) the surveillance video was played at trial, (2) plaintiff disputed the admissibility of the video, (3) the court allowed only five minutes of the video to be played, and (4) plaintiff and her husband provided rebuttal testimony after the defense rested.

In November 2021, plaintiff filed a motion for a new trial, which the trial court denied "for the reasons set forth on the record." But there is no transcript of the motion hearing in the lower court record, and plaintiff did not move to settle the record regarding the motion hearing. This appeal followed.

## II. FAILURE TO PRESERVE ISSUE

Plaintiff argues the trial court erred when it admitted the surveillance video at trial and thus she is entitled to a new trial. However, plaintiff abandoned this issue by failing to settle the record.

"To preserve most issues, a party must object below." *Int'l Union, UAW v Dorsey*, 273 Mich App 26, 45; 730 NW2d 17 (2006). "A party opposing the admission of evidence must have timely objected at trial and specified the same ground for objection that it asserts on appeal." *Id*. It is undisputed that plaintiff objected to the admission of the surveillance video and filed a motion for new trial arguing the trial court abused its discretion in admitting the video evidence because defendant failed to disclose the video. But "[t]his Court limits its review to the record provided on appeal and will not consider any alleged evidence or testimony that is not supported by the record presented to the Court for review." *Admiral Ins Co v Columbia Casualty Ins Co*, 194 Mich App 300, 305; 486 NW2d 351 (1992).

"It is the appellant's obligation to secure the complete transcript of all proceedings in the lower court unless production of the full transcript is excused by order of the trial court or by stipulation of the parties." *Id*. See also MCR 7.210(B)(1)(a) ("[T]he appellant must order from the court reporter or recorder the full transcript of testimony and other proceedings in the trial court."). If a transcript is unavailable, the appellant has 56 days after the filing of all available transcripts to file a motion to "settle the record" and propose a statement of facts. See MCR 7.210(B)(2)(a). An issue is abandoned on appeal if an appellant (1) "fail[s] or refus[es] to provide this Court with a full transcript of the proceedings below" and (2) fails to cure the defect of the

unavailable transcripts. *Waterford Sand & Gravel Co v Oakland Disposal, Inc*, 194 Mich App 571, 572; 487 NW2d 511 (1992).

Here, the transcripts for the trial and the hearing for the motion for new trial were deemed unavailable in January 2023. Plaintiff did not file a motion to settle the record to substitute for the missing transcripts, as required by MCR 7.210(B)(2)(a). And there is no court order excusing plaintiff's defect. We review the decision to admit or exclude evidence for an abuse of discretion. *Taylor v Mobley*, 279 Mich App 309, 315; 760 NW2d 234 (2008). A trial court's denial of a motion for a new trial is also reviewed for an abuse of discretion. *Id*. at 314 n 6. But "[w]ithout the record of the trial court's ruling . . . it is simply not possible for [this Court] to determine whether the trial court abused its discretion or properly exercised it." *McLemore v Detroit Receiving Hosp & Univ Med Ctr*, 196 Mich App 391, 401-402; 493 NW2d 441 (1992). Accordingly, we conclude plaintiff abandoned this issue.

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel