*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBECCA J. HENSON,

        Plaintiff-Appellee,

v

JOHN M. BINKOWSKI,

        Defendant-Appellant,

and

MARTIN G. BINKOWSKI and RICHARD M. FRANKOWIAK,

        Defendants.

UNPUBLISHED
October 15, 2025
9:54 AM

No. 370168
Oakland Circuit Court
LC No. 2022-194327-CH

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In this appeal involving a nuisance action among former neighbors, a jury returned a verdict in favor of plaintiff, Rebecca Henson, and awarded her $45,000 in damages from two defendants, John Binkowski, and his brother, Martin Binkowski. The trial court entered judgment against both defendants, holding the two brothers jointly and severally liable for damages of $45,000 and costs of $3,542.41. John Binkowski has appealed of right, contending that plaintiff's attorney engaged in improper argument at trial, that the trial court made unjustified and biased comments to the jury, that the trial court erred by imposing joint and several liability, and that the jury's $45,000 award of damages was speculative and unsupported by the evidence at trial. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff and the Binkowskis were neighbors in a subdivision. Plaintiff bought her property in 2016. The Binkowskis became the owners of an adjacent parcel by inheriting the property from

their mother in 2021, but the Binkowski brothers had lived in the house on that parcel since 1976.[1] Plaintiff and defendants had disputes about enforcement of property lines. The house on plaintiff's property was very close to the property line dividing plaintiff's parcel from the Binkowskis' parcel. Plaintiff kept personal property, including flower pots, on a disputed portion of the land. Although plaintiff initially got along with the Binkowskis, disagreements arose beginning in 2021.

During the period of conflict, the Binkowskis took actions against plaintiff and her fiancé. On one occasion, John Binkowski aimed a pellet gun at a floodlight on plaintiff's house after her fiancé refused a request to disable it. John Binkowski did not fire a shot, but he was confronted by plaintiff, who called the police. Three days later, John Binkowski poured his urine on plaintiff's flower pots and hose reel, and that urine "splashed on" plaintiff's house. Later that month, John Binkowski moved plaintiff's personal property, including the flower pots, "back on her property" to enable him to put a trailer in his yard. Plaintiff told him not to touch her items or she would call the police, so John Binkowski threatened her with physical violence.

Plaintiff and John Binkowski hired surveyors to establish the property line. The respective markers from each survey were "an inch" apart. After the surveys were completed, the Binkowskis installed a fence. On one occasion, Martin Binkowski punched plaintiff's fiancé to "let him know [he was] on [his] property." On other occasions, John Binkowski left fish guts and a deer carcass in his yard. Also, Martin Binkowski "threatened to bash [plaintiff's] face in if [she] hit his dog," after the dog came onto her property and she was "shooing" the dog away. Plaintiff was diagnosed with anxiety and depression, and eventually she and her son moved out of her house.

On May 31, 2022, plaintiff filed a complaint setting forth four claims: adverse possession; prescriptive easement; easement by necessity; and nuisance. In her nuisance claim, plaintiff sought damages for emotional distress, loss of the value of her real property, damage to personal property, loss of the use and enjoyment of her real property, and other related costs. She asked the trial court to abate the nuisance. On November 9, 2023, the trial court held a one-day jury trial on plaintiff's nuisance claim against the Binkowskis.[2] The jury returned a verdict in favor of plaintiff, deciding that both Binkowskis "cause[d] a nuisance to the Plaintiff" and awarding damages of $45,000.

John Binkowski attempted to appeal the verdict of right, but this Court dismissed his claim of appeal without prejudice. See *Henson v Binkowski*, unpublished order of the Court of Appeals, entered January 18, 2024 (Docket No. 368846). After this Court dismissed John Binkowski's first appeal, plaintiff moved for the entry of a judgment. On March 11, 2024, the trial court entered a judgment holding both of the Binkowskis "jointly and severally" liable to plaintiff "in the amount of $45,000.00" and "costs in the amount of $3,542.41." John Binkowski then appealed of right.

---

[1] Plaintiff also named another neighbor, Richard Frankowiak, as a defendant, but he did not file an answer, and his counsel did not file an appearance. At the outset of the jury trial, plaintiff's counsel commented that plaintiff had resolved her claims against Frankowiak. The trial court's judgment indicated that "the parties [] consented to . . . the deeding of property by [] Frankowiak[.]"

[2] The competing parties resolved all of the other claims before trial.

## II. LEGAL ANALYSIS

On appeal, John Binkowski asserts that plaintiff's attorney engaged in misconduct during the trial, that the trial court made improper comments to the jury during the trial, that the trial court erred by holding the Binkowskis jointly and severally liable for the jury's $45,000 damages award, and that the jury's award of $45,000 in damages was based on nothing more than speculation. We shall address these arguments in turn.

## A. MISCONDUCT BY PLAINTIFF'S COUNSEL

John Binkowski contends that he was denied a fair trial because plaintiff's counsel engaged in misconduct serious enough to warrant a new trial. Generally, we review a trial court's decision on a request for a new trial for an abuse of discretion. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761; 685 NW2d 391 (2004). But "[i]n civil cases, Michigan follows the raise or waive rule of appellate review[,]" which obligates a litigant to "preserve an issue for appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (quotation marks and citation omitted). Because John Binkowski did not raise the issue of the alleged misconduct of plaintiff's counsel in the trial court, we have "no obligation to consider the issue." *Id*.

Even if we consider the merits of John Binkowski's claim, we find no basis to grant him a new trial. In a civil case, if "a party assigns as error on appeal remarks of counsel during closing arguments, but fails to object to those remarks at trial, the party must prove that (1) the remarks were so prejudicial as to have denied the party a fair trial and that (2) any resulting prejudice could not have been cured by a curative instruction." *Badiee v Brighton Area Sch*, 265 Mich App 343, 373-374; 695 NW2d 521 (2005). John Binkowski insists that the statements of plaintiff's counsel during closing argument impermissibly played to the sympathies of the jury because they included a golden-rule argument. A golden-rule violation may occur when counsel "ask[s] the jury to assess damages upon the basis of an amount they would be willing to accept for the wrongs alleged to have been suffered." *May v Parke, Davis & Co*, 142 Mich App 404, 423; 370 NW2d 371 (1985). During his closing argument, plaintiff's counsel stated:

> [B]ut I look at it and I ask you to put yourself in this position. If this is your daughter, if this is your wife, if this is your child. To deal with . . . 50-plus-year-old men who think it's funny to pee on the house, to destroy property, to burn furniture . . . .

Plaintiff's counsel further commented that "I want you to consider her son. We were almost gonna have him testify but he's at an age that we said nope, let's leave the kids out of this."

Although plaintiff's counsel attempted to appeal to the sympathies of the jury, reversal is unwarranted. Even assuming an improper golden-rule argument was made, the argument was not repeated, except perhaps when counsel mentioned plaintiff's son. Further, any improper statement was isolated. This was not a studied attempt to prejudice or inflame the jury, or to take the jury's attention away from the nuisance issue. Additionally, any prejudice caused by the statements was minimized by the trial court's instructions before the closing arguments, which emphasized that "closings are not evidence." It was further lessened when the trial court instructed the jury not to

let sympathy or prejudice impact its decision. See *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 302 Mich App 7, 25; 837 NW2d 686 (2013) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors."). The trial court explained that the verdict must be based only on admissible evidence, and instructed that the jurors were "the judges of the facts and [they] must determine which witnesses to believe and what weight to give their testimony." Thus, especially in the absence of a contemporaneous objection to counsel's argument, we find no basis for granting a new trial.

John Binkowski further argues that any reference by plaintiff's counsel to resolved claims concerning an easement was improper, and that all evidence of resolved claims should have been excluded under MRE 403. According to MRE 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. But under MCR 7.212(C)(5), an appellant's brief must include a "statement of questions involved, stating concisely and without repetition the questions involved in the appeal." The challenge based on MRE 403 is not included in John Binkowski's statement of questions presented, so it is waived on appeal. See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004) ("An issue not contained in the statement of questions presented is waived on appeal."). Moreover, John Binkowski merely asserts, without any record citations, that plaintiff referred to "claims that were not at issue," which misled the jury because it suggested he "already admit[ted] partial liability." "An appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position. Insufficiently briefed issues are deemed abandoned on appeal." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009). That rule dooms John Binkowski's challenge to any references to the claims that were resolved by the competing parties before trial.

## B. JUDICIAL NOTICE AND JUDICIAL BIAS

John Binkowski faults the trial court for making two allegedly improper statements to the jury. First, after plaintiff testified that she would have to pay a much higher interest rate to obtain a mortgage on a new house and the trial court sustained an objection to the stated higher mortgage rate as hearsay, the trial court said to the jury: "You guys know the mortgage rates are through the roof, right?" Second, during closing argument, plaintiff's counsel referred to threats made by the Binkowskis to plaintiff and mused: "Maybe men are different than women[,] I think they are." In reaction to that observation, the trial judge stated: "women are smarter." Neither one of the judge's comments drew any response from either attorney, but on appeal, John Binkowski insists that both comments were so improper that they mandate a new trial.

John Binkowski frames the trial court's comment about mortgage rates being "through the roof" as an impermissible exercise of judicial notice under MRE 201, but he acknowledges that he did not raise that issue in the trial court, so he argues that he must establish plain error that affected his substantial rights in order to win relief on appeal. Although he cites *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021), he fails to recognize that that decision was not rendered in a civil case, so it has no application here. Instead, because this is a civil case, the rule of preclusion set forth in *Tolas Oil* governs, and that rule of preclusion forecloses review of the claim concerning judicial notice. See *Tolas Oil*, 347 Mich App at 289. We are not required "to consider the issue[,]"

*id.*, and we see no reason to take up an issue concerning a single comment from the trial court that was never even mentioned, much less briefed or argued, in the trial court.

As to a claim that the trial court exhibited bias in volunteering that "women are smarter[,]" we find no impermissible bias warranting relief on appeal. Generally, we review de novo whether a civil litigant was deprived of the constitutional right to a hearing before an unbiased and impartial decisionmaker. *In re Susser Estate*, 254 Mich App 232, 236; 657 NW2d 147 (2002). But in this case, John Binkowski did not raise any objection in the trial court, nor did he move to disqualify the trial judge. The trial judge's throwaway comment about women being smarter than men, which seems to be an effort at humor, strikes us as innocuous in context. In any event, the issue need not be considered on appeal, see *Tolas Oil*, 347 Mich App at 289, and we see no basis to overlook the preservation requirements described in *Tolas Oil*, 347 Mich App at 289-290.

### C. JOINT AND SEVERAL LIABILITY

John Binkowski contends the jury should have determined the respective percentages of fault of the Binkowskis, and the trial court clearly erred by ruling that the Binkowskis were jointly and severally liable for the full amount of damages awarded by the jury. Neither Binkowski raised an objection in the trial court to the verdict form or the trial court's subsequent imposition of joint and several liability in the judgment. Consequently, we have "no obligation to consider the issue." *Tolas Oil*, 347 Mich App at 289. But the problem with John Binkowski's presentation of the issue on appeal faces a separate hurdle that is plainly insuperable. Specifically, John Binkowski waived the issue by approving the jury instructions and the proposed verdict form. "A party is deemed to have waived a challenge to the jury instructions when the party has expressed satisfaction with, or denied having any objection to, the instructions as given." *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 545; 854 NW2d 152 (2014).

While the trial court was instructing the jury, counsel made several notable requests. When the trial court began to explain the verdict form to the jury, the trial court noted its three questions, including, "did the Defendants cause a nuisance to Plaintiff?" The other two questions concerned whether plaintiff suffered damages and, if so, what amount of damages should be awarded. With respect to the first question about causing a nuisance, the Binkowskis' counsel asked the trial court to split up the Binkowskis, or have "two different forms" for each one individually. The trial court responded, "that's why I've been asking for the jury instructions for weeks." Plaintiff's counsel opposed the request, noting "it's joint and several liability." The trial court observed that joint and several liability applied "if they're both determined to be liable." In light of the request to revise the verdict form made by counsel for the Binkowskis, the trial court asked: "So should I just have [the jurors] come back Monday? I don't know what to [do] here." The Binkowskis' attorney said in response: "No, no, it's fine." Thus, the trial court agreed to revise the verdict form to separate "[d]efendant Martin Binkowski and then . . . John Binkowski[.]" The Binkowskis' attorney noted that the first question was the "same question," but with "two different defendants." Confirming the requested change, the trial court asked: "[I]t's gonna say did Defendant [John] Binkowski and then it's gonna say did Defendant Martin Binkowski, right? Does it have to be changed after that? I don't know. . . . I mean it is joint and several, right?" The trial court commented that "if there is an award, it's joint and several." After that, the trial court asked, "are we separating them out for any other reason or just question one?" The trial court then asked, "if [the jurors] find one of them did not create any nuisance, then the other one would be solely liable, right?" The Binkowskis'

attorney replied: "Yeah. . . . That's it. . . . So[,] we're good, I think we're good right there." The verdict form was thereafter revised and provided to the jury. At the end of the discussion of the verdict form, counsel for John Binkowski expressly approved the verdict form. Accordingly, John Binkowski waived that argument, so he cannot advance it on appeal, and he is not entitled to a new trial because he approved the proposed jury instructions and the verdict form.

## D. DAMAGES

John Binkowski characterizes the jury's damages award of $45,000 on the nuisance claim as speculative and unsupported by the record. But John Binkowski neither moved for a new trial nor sought remittitur, so we have "no obligation to consider the issue." *Tolas Oil*, 347 Mich App at 289. We note, however, that the trial record contains ample evidence of damages to support the verdict. Plaintiff testified that, in response to the Binkowskis' behavior, she had to install several security cameras, she had to pay for a survey that cost $1,700, she had to move out of her house and look for a new place to live, and she suffered from "anxiety and panic attacks[.]" Additionally, she described how John Binkowski "came out with a chainsaw and chainsawed up all the landscape timbers on the south side of [her] property and then proceeded to burn them." Similarly, she stated that John Binkowski "burned [her] grandmother's bench" that had been given to her 50 or 60 years after her grandfather built it. As this Court has observed, "the adequacy of the amount of damages awarded is ordinarily within the province of the jury" and there is only "room for limited appellate review." *Taylor v Mobley*, 279 Mich App 309, 311; 760 NW2d 234 (2008). Given the "significant deference we must pay to the jury's determinations," *id*., we find no basis to upset the jury's award of $45,000 in damages to plaintiff.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates