# STATE OF MICHIGAN

# COURT OF APPEALS

DODA NICAJ and AGA NICAJ,

        Plaintiffs-Appellees,

and

DETROIT MEDICAL CENTER and WAYNE
STATE UNIVERSITY PHYSICIANS GROUP,

        Intervening-Plaintiffs-Appellees,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee,

and

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, d/b/a TRAVELERS
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
March 23, 2017

No. 329485
Wayne Circuit Court
LC No. 13-014246-NF

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this action to recover first-party personal injury protection (PIP) no-fault benefits, defendant, Travelers Insurance Company (Travelers), appeals by leave granted[1] two orders entered by the trial court that, in relevant part, found Travelers to be the highest-priority insurer

---

[1] *Nicaj v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered October 30, 2015 (Docket No. 329485).

-1-

and liable to pay benefits for injuries plaintiff Doda Nicaj[2] suffered in a motor vehicle accident when he was rear-ended by a semi-truck. At the time, plaintiff was driving a truck that had been purchased by plaintiff's business partner and was used exclusively for that business. The business, Metropolitan Baking Distributing ("Metro") maintained an insurance policy with Travelers that covered the truck. Defendant State Farm insured plaintiff's and his wife's personal vehicles, which were not involved in the accident. There appears to be no dispute that plaintiff is entitled to benefits; the issue is which insurer is of highest priority. Travelers raises a single argument, contending that the trial court erred in finding that the truck was owned by Metro. We affirm.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. "Issues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

In context, ownership is defined by statute. Under the no-fault act, a person injured in an automobile accident generally seeks benefits from their own insurer. *Spencer v Citizens Ins Co*, 239 Mich App 291, 301; 608 NW2d 113 (2000); MCL 500.3114(1). In this case, that would undisputedly be State Farm. However, certain exceptions supersede that general rule. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 298; 876 NW2d 853 (2015). In relevant part, MCL 500.3114(3) provides that an employee and their spouse injured in "a motor vehicle owned or registered by the employer" seeks benefits from the vehicle's insurer. This statute was "designed to allocate the cost of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance." *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 89; 549 NW2d 834 (1996). Consequently, Michigan appellate courts have read the statute broadly. *Id*.

There is no dispute that plaintiff was injured, was an employee of Metro, and was an occupant of the vehicle at the time of the accident. Indeed, as noted, there is no dispute that plaintiff is entitled to benefits. The only element disputed is whether the vehicle was "owned or registered by an employer" of plaintiff. If so, Travelers, the insurer of that vehicle, would be liable for plaintiff's benefits.

At the time of the accident, "owner" was defined at MCL 500.3101(2)(h). It has since been amended by 2014 PA 492 and is now defined at MCL 500.3101(2)(k); however, we must use the definition in effect when the accident occurred. Under that statute, three possible definitions of ownership were set forth, one of which the parties agree is inapplicable. The relevant possible definitions are:

---

[2] Because Aga Nicaj's claims are not before this Court at this time, we refer to Doda Nicaj as "plaintiff" in the singular.

(*i*) A person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days.

(*ii*) A person who holds the legal title to a vehicle, other than a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days. [*Titan Ins Co v State Farm Mut Auto Ins Co*, 296 Mich App 75, 86; 817 NW2d 621 (2012), quoting MCL 500.3101(2)(h).]

The evidence in the record of who held title to the vehicle is conflicting: the only physical title certificate showed plaintiff's business partner to hold title, and plaintiff believed that the partner held title to the vehicle personally; the partner, however, averred that he had transferred title to Metro before the accident occurred. Assessing the credibility of a witness and settling contested facts in order to make a decision of law is required to be left to a jury. *White v Taylor Distrib Co, Inc*, 482 Mich 136, 142-143; 753 NW2d 591 (2008). A genuine question of material fact exists regarding title ownership of the vehicle relevant to MCL 500.3101(2)(h)(*ii*).

In contrast, however, despite the use of the word "person" in MCL 500.3101(2)(h)(*i*), that word extends to business entities. See *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19, 31-32; 800 NW2d 93 (2010). Further, under the no-fault act, a motor vehicle can have more than one owner. *Ardt v Titan Ins Co*, 233 Mich App 685, 691-692; 593 NW2d 215 (1999). Consequently, plaintiff, his partner, and Metro could *all* be "owners" of the vehicle if they had "use" of it for at least 30 days. This Court has described the use requirement as "*proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Ardt*, 233 Mich App at 691.

The evidence is that plaintiff and his partner decided to open a business together in 2012. Their business plan was to purchase bread from the bakery in Michigan, drive the bread to Illinois where bread was more expensive, and sell the bread for a profit. The partner, who lived in Illinois, organized the business under the laws of Illinois and called it Metro. They considered the business a partnership. In mid-2013, the partner purchased the vehicle for the business for the purpose of transferring the bread from the bakery to the customers in Illinois. There is no evidence that the vehicle was ever used for any other purpose. On the day in question, undisputedly more than 30 days after the vehicle's purchase, plaintiff was in the process of driving a load of bread to Illinois, as he had done twice a week until then. Plaintiff's practice was to spend two or three days making deliveries in Illinois, staying in hotels overnight with the vehicle parked in the motels' lots, drive back home, leaving the vehicle in his driveway overnight, and then drive it back to the bakery to repeat the cycle. The unrefuted evidence is that the vehicle was never used for any other purpose, and in particular never for personal uses. Plaintiff testified that he considered all of that as work for Metro.

Clearly, Metro's use of the vehicle was "proprietary" in nature; considering it was used solely for the purpose of gaining profits for Metro. See *Ardt*, 233 Mich App at 691-692. Indeed, before the trial court, Travelers repeatedly argued that plaintiff had use of the vehicle for 30 days pursuant to MCL 500.3101(2)(h)(*i*). Travelers argued that that should bar plaintiff from receiving benefits, but the same argument can be applied to Metro's ownership, which is far more strongly in evidence. Plaintiff's use of the vehicle was only "proprietary" to the extent that

it benefitted Metro directly, and himself only secondarily as a partner of the business; he did not have any "proprietary" use of the vehicle for his personal life. Had his use of the vehicle been *truly* "proprietary" in nature, he would have felt free to use it for personal outings as well.

Consequently, outstanding questions of formal, legal title are simply irrelevant. The facts plainly establish that Metro had the "use thereof" for more than 30 days. MCL 500.3101(2)(h)(*ii*). Multiple parties' ownership of the vehicle are not mutually exclusive. *Ardt*, 233 Mich App at 691-692. Therefore, because Metro was an owner of the vehicle and Travelers undisputedly insured it, pursuant to MCL 500.3114(3), plaintiff was an employee driving an employer-furnished motor vehicle insured by Travelers on the day of the accident. For such instances, MCL 500.3114(3) requires that the insurer of the employer-furnished vehicle have the highest priority for payment of no-fault benefits. The trial court's grant of summary disposition, to the extent it is before us,[3] was proper.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[3] We express no opinion regarding any other portion of the trial court's orders.