ARDT v TITAN INSURANCE COMPANY

Docket No. 201739. Submitted October 6, 1998, at Detroit. Decided February 2, 1999, at 9:30 A.M. Leave to appeal sought.

Rita Ardt and Christine Spaulding, as coguardians of the estate of Robert Ardt, a legally incapacitated person, and Rainbow Rehabilitation Center, New Start, Inc., and Broe Rehabilitation Services, Inc., brought an action in the Wayne Circuit Court against Titan Insurance Company. The coguardians sought first-party no-fault personal protection insurance benefits for injuries suffered by Robert in an accident that occurred while he was driving an uninsured pickup truck. Rita Ardt, Robert's mother, was the title owner of the truck. She also owned another vehicle, which was insured by the defendant. Because Robert lived with Rita at the time of the accident, the coguardians filed an insurance claim on his behalf under her policy. The remaining plaintiffs sought payment from the defendant for services rendered to Robert. Rainbow and New Start alleged that promissory estoppel barred the defendant from denying their claims and Broe sought payment as a third-party beneficiary of the insurance contract. The court, Michael J. Talbot, J., granted summary disposition in favor of the defendant, finding that, because Robert made some use of the truck over a period exceeding thirty days, Robert owned the truck for purposes of the no-fault act and was not entitled to benefits under the policy. The court also found that Rainbow and New Start did not have a binding contract with the defendant for payment for their services. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court erred in granting summary disposition. A genuine issue of material fact existed with regard to whether Robert owned the truck for purposes of the statutory definition of "owner," which is a "person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days." MCL 500.3101(2)(g)(i); MSA 24.13101(2)(g)(i). The phrase "having the use" of a motor vehicle for purposes of defining "owner" means using the vehicle in ways that comport with concepts of ownership. Ownership follows from proprietary or possessory usage, as opposed to merely incidental usage under the direc-

tion or with the permission of another. A question of fact existed regarding Robert's usage of the pickup truck.

2. Where an uninsured motor vehicle has more than one owner and is involved in an accident, all the owners come under the statutory exclusion for personal protection benefits in MCL 500.3113(b); MSA 24.13113(b).

3. Summary disposition was improper with regard to Rainbow and New Start because they presented evidence to support their promissory estoppel theory against the defendant and, therefore, a question of material fact existed.

Reversed and remanded.

1. INSURANCE — AUTOMOBILES — NO-FAULT ACT — UNINSURED VEHICLES — PERSONAL PROTECTION INSURANCE BENEFITS.

The no-fault automobile insurance act requires the owner or registrant of a motor vehicle to carry insurance for personal protection, property protection, and residual liability and provides that the owner of an uninsured motor vehicle is not entitled to personal protection insurance benefits for bodily injury resulting from an accident involving the vehicle; where an uninsured motor vehicle has more than one owner, all the owners come under the statutory exclusion for personal protection insurance benefits (MCL 500.3101[1], 500.3113[b]; MSA 24.13101[1], 24.13113[b]).

2. INSURANCE — AUTOMOBILES — NO-FAULT ACT — WORDS AND PHRASES — OWNER.

Subsection 3101(2)(g)(i) of the no-fault act defines an "owner" of a motor vehicle to include a "person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days"; the phrase "having the use" means using the vehicle in ways that comport with concepts of ownership and does not equate ownership with any and all uses for thirty days, but rather equates ownership with having the use of a vehicle for that period; ownership follows from proprietary or possessory usage, as opposed to merely incidental usage under the direction or with the permission of another (MCL 500.3101[2][g][i]; MSA 24.13101[2][g][i]).

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION.

A court may not make factual findings or weigh credibility in deciding motions for summary disposition; a court deciding a motion for summary disposition alleging there is no genuine issue of material fact must draw all inferences in favor of the nonmovant and deny the motion unless it is impossible that the claim asserted can be supported by evidence that can be offered at trial.

*Law Offices of Wayne J. Miller, P.C.* (by *Wayne J. Miller*), for the plaintiffs.

*Barry F. LaKritz, P.C.* (by *Barry F. LaKritz* and *Ronald M. Sangster, Jr.*), for the defendant.

Before: HOEKSTRA, P.J., and CAVANAGH and O'CONNELL, JJ.

O'CONNELL, J. Plaintiffs, the coguardians of the estate of Robert Ardt, a legally incapacitated person, appeal as of right from the trial court's order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant. We reverse and remand for further proceedings.

On July 10, 1995, Robert Ardt suffered severe injuries in an accident that occurred while he was driving a pickup truck. Plaintiff Rita Ardt, Robert's mother and coguardian, was the title owner of the truck, a 1985 Chevy S10, and also of a 1987 Ford Escort. The Escort was insured through Rita's policy with defendant, but the pickup truck was not insured at all. Because Robert lived with Rita at the time of the accident, his guardians filed an insurance claim on his behalf under her policy, seeking first-party no-fault personal protection benefits. Defendant denied the claim on the ground that Robert was the owner of the uninsured vehicle involved in the accident and accordingly was precluded by law from receiving the benefits.

Robert's guardians brought suit, maintaining that Robert was not the owner of the truck and was therefore entitled to the benefits. Rainbow Rehabilitation Center, New Start, Inc., and Broe Rehabilitation Services, Inc., were included as plaintiffs in the action

and sued defendant for payment for services they rendered to Robert, the former two arguing that promissory estoppel barred defendant from denying their claims, the latter seeking payment as a third-party beneficiary of the contract between defendant and Rita Ardt. Defendant moved for summary disposition, arguing that uncontroverted evidence established as a matter of law that Robert owned the truck, and thus was not entitled to the insurance benefits, and that Rainbow and New Start acted without a promise of payment from defendant clear enough to constitute a binding contract. The trial court granted defendant's motion.

We review a trial court's decision with regard to a motion for summary disposition de novo as a question of law. *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 233; 553 NW2d 371 (1996). MCR 2.116(C)(10) provides for summary disposition where "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter or law." When reviewing an order of summary disposition under MCR 2.116(C)(10), we examine all relevant documentary evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists on which reasonable minds could differ. *Shirilla v Detroit*, 208 Mich App 434, 437; 528 NW2d 763 (1995). Where the moving party has produced evidence in support of the motion, the opposing party bears the burden of producing evidence to establish that a genuine issue of disputed fact exists. *Skinner v Square D Co*, 445 Mich 153, 160; 516 NW2d 475 (1994), citing MCR 2.116(G)(4).

Plaintiffs argue that there was a genuine issue of material fact concerning whether Robert owned the truck for purposes of the applicable statutory definition of "owner." We agree. MCL 500.3101(1); MSA 24.13101(1) requires the owner or registrant of a motor vehicle to carry insurance for personal protection, property protection, and residual liability. MCL 500.3113(b); MSA 24.13113(b) further provides that the owner of an uninsured motor vehicle is not entitled to personal protection insurance benefits for bodily injury resulting from an accident involving that vehicle. Accordingly, Robert avoids this latter exclusion only if, at the time of the accident, he was not the owner of the truck. "Owner" is statutorily defined to include "[a] person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days." MCL 500.3101(2)(g)(i); MSA 24.13101(2)(g)(i).

The evidence of record includes indications from two persons concerning Robert's use of the truck in question. Deposition testimony from a defense witness indicates that Robert was a regular driver of the truck for more than thirty days. However, Rita Ardt stated that Robert drove the truck only a few times and then normally only for such minor purposes as having it washed, albeit over the space of more than thirty days. The trial court agreed with defendant that because both witnesses indicated that Robert made some use of the truck over a period exceeding thirty days, and because the statutory definition of "owner" did not suggest that frequency of usage had any bearing on the matter, Robert qualified as owner of the truck at the time of his accident for purposes of this action.

This case requires that we decide whether any degree of usage for more than thirty days satisfies the statutory definition of "owner," as defendant and the trial court maintain, or whether the definition requires something more. Statutory interpretation is a question of law calling for review de novo. *Michigan Basic Property Ins Ass'n v Ware*, 230 Mich App 44, 48; 583 NW2d 240 (1998). "The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature." *Id.* at 49. "[T]he meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense." *Gross v General Motors Corp*, 448 Mich 147, 160; 528 NW2d 707 (1995).

The statutory provisions at issue operate to prevent users of motor vehicles from obtaining the benefits of personal protection insurance without carrying their own insurance through the expedient of keeping title to their vehicles in the names of family members. Because we infer from these provisions that they were enacted in furtherance of the sound public policy imperative that users of motor vehicles maintain appropriate insurance for themselves as indicated by their actual patterns of usage, we hold that "having the use" of a motor vehicle for purposes of defining "owner," MCL 500.3101(2) (g) (i); MSA 24.13101(2) (g) (i), means using the vehicle in ways that comport with concepts of ownership. The provision does not equate ownership with any and all uses for thirty days, but rather equates ownership with "having the use" of a vehicle for that period. Further, we observe that the phrase "having the use thereof" appears in

tandem with references to renting or leasing. These indications imply that ownership follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another.[1] Under this reading of the statutory definition, the spotty and exceptional pattern of Robert's usage to which Rita attested may not be sufficient to render Robert an owner of the truck. However, the regular pattern of unsupervised usage to which the defense witness attested may well support a finding that Robert was an owner for purposes of the statute. Accordingly, there remains a genuine issue of material fact for resolution at trial, rendering summary disposition with regard to this issue inappropriate.

Plaintiffs extend their argument against Robert's ownership of the truck by emphasizing that MCL 500.3113(b); MSA 24.13113(b) states that it is "the owner" of an uninsured motor vehicle who comes under the exclusion, arguing that the use of the definite article indicates the legislative intention to exclude only the primary owner. We disagree. This Court has specifically identified multiple owners of a motor vehicle for purposes of MCL 500.3101(2)(g); MSA 24.13101(2)(g). *Integral Ins Co v Maersk Container Service Co, Inc*, 206 Mich App 325, 332; 520 NW2d 656 (1994). Further, in reading this state's

---

[1] Reading "having the use" without some qualification would produce such peculiar results as rendering all members of a carpool owners of the vehicle. Or, for a more extreme example, an advertiser utilizing the vehicle's image would be transformed into an owner once that usage exceeded the thirty-day window. Instead, by allowing the ordinary sense of ownership to inform our reading of "having the use" of, we avoid an absurd result. See *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998).

statutory language, "[e]very word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number." MCL 8.3b; MSA 2.212(2). Had the Legislature intended the exclusionary effect of MCL 500.3113(b); MSA 24.13113(b) to apply to only a single primary owner for each vehicle, it would have had to indicate that intention more clearly than by use of the definite article in this instance. We hold that where an uninsured motor vehicle involved in an accident has more than one owner, all the owners come under the statutory exclusion for personal protection insurance benefits.

Plaintiffs next argue that summary disposition was inappropriate because there was a genuine issue of material fact concerning whether promissory estoppel barred defendant from denying Rainbow and New Start payment for services rendered to Robert. We agree. The elements of promissory estoppel are

> (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of promisee, (3) which in fact produced reliance or forbearance of that nature, and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. [Mt Carmel Mercy Hosp v Allstate Ins Co, 194 Mich App 580, 589; 487 NW2d 849 (1992).]

In this case, the record includes affidavits of employees of Rainbow and New Start indicating that defendant assured them of payment, pending only the completion of certain formalities. These affidavits provide evidence in support of all four elements of promissory estoppel. The trial court ruled that defendant's qualifications concerning its intention to

pay amounted to equivocation sufficient to avoid creating a contractual obligation to Rainbow and New Start. However, reasonable minds could interpret defendant's equivocation as bearing on *when*, instead of *whether*, defendant would pay. In deciding motions for summary disposition, a court "may not make factual findings or weigh credibility." *Manning v Hazel Park*, 202 Mich App 685, 689; 509 NW2d 874 (1993). Instead, all inferences must be drawn in favor of the nonmovant and the motion should be denied unless it is impossible that the claim asserted can be supported by evidence that can be offered at trial. *Mt Carmel Mercy Hosp, supra* at 590. Because plaintiffs' affidavits provide evidence in support of Rainbow's and New Start's promissory estoppel theory against defendant, a question of material fact exists for resolution at trial. Thus, summary disposition with regard to that issue was inappropriate.

Finally, plaintiffs ask that this case be assigned on remand to a different judge, alleging a pattern of hostility from the bench in the proceedings below. This issue is moot, because the judge in question is no longer a Wayne Circuit Court judge and further proceedings will take place before a successor judge. This Court need not address issues that have become moot. See *Smith v Kowalski*, 223 Mich App 610, 619; 567 NW2d 463 (1997).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.