# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA JOHNSON,

Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

Defendant-Appellee.

UNPUBLISHED
October 30, 2018

No. 338781
Wayne Circuit Court
LC No. 16-005249-NF

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(dissenting)*.

I respectfully dissent. As the majority observes, plaintiff admitted she had not been given permission by her daughter to use the vehicle on the day of the accident. However, I conclude that plaintiff's testimony[1] establishes a genuine question of fact whether she had the requisite *mens rea* to commit the offense of joyriding, and I do not believe on this record that the requisite knowledge of an unlawful taking can be imputed to her. I would reverse and remand.

I need not repeat in full the majority's overview of the pertinent statutes. At issue is MCL 500.3113(a), which precludes the receipt of PIP benefits if the injured person "was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken[2]

---

[1] I decline to consider plaintiff's daughter's testimony, both because the emphasis is on plaintiff's personal understanding, and because conflicts in the testimony would merely create a question of fact in any event. The majority correctly notes that *all* evidence must be considered when deciding a motion for summary disposition, but seems to not appreciate that the *reason* I disregard the daughter's testimony *in this case* is that she has no knowledge of plaintiff's mental state at the time plaintiff took the vehicle. In contrast, the fact that people generally interact informally within familial relationships may not be specifically stated in the record. I am simply concerned by the majority's disregard for context.

[2] The majority "leaves open the question" whether unlawful use of a vehicle may somehow be bootstrapped into unlawful taking. Not only was this not briefed or argued by the parties, the parties in fact agreed that this was not an unlawful-use case. In any event, no "open question" on

-1-

unlawfully." In context, "unlawfully" means "contrary to Michigan law." *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 516-517; 821 NW2d 117 (2012). In particular, "any person who takes a vehicle contrary to a provision of the Michigan Penal Code[, MCL 750.1 *et seq*.]—including MCL 750.413 and MCL 750.414, informally known as the 'joyriding' statutes—has taken the vehicle unlawfully for purposes of MCL 500.3113(a)." *Id*. at 509. In contrast, MCL 500.3113(a) may not preclude PIP benefits if the driver held a reasonable but mistaken belief that the taking was rightful.[3] *Id*. at 509 n 3.

Defendant argues, and the majority seemingly agrees, that the absence of a specific and express grant of permission in a particular instance necessarily establishes that the taking was knowingly illegal. Defendant drew that conclusion at oral argument by stating that if a person could ever take a vehicle without a particularized grant of express permission, that person would be a "constructive owner" under MCL 500.3101(2)(k)[4] because an "owner" is either the title holder or a person with an unfettered use of the vehicle. This is an exaggeration. Although the concept of "constructive ownership" exists in case law, it is based on "having the use of a motor vehicle . . . for a period that is greater than 30 days." MCL 500.3101(k)(*i*). However, such ownership requires "*proprietary* or *possessive* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Ardt v Titan Ins Co*, 233 Mich App 685, 691; 593 NW2d 215 (1999) (emphasis in original). Additionally, that usage must be "in ways that comport with concepts of ownership." *Id*. at 690.

Significantly, "constructive ownership" is a totality-of-the-circumstances test based on a multitude of facts. One consideration is the extent of the usage, such as distinguishing a "spotty and exceptional pattern" of usage from a "regular pattern of unsupervised usage." *Ardt*, 233 Mich App at 691. Permissiveness of use is *a* consideration, but it must be viewed in the context of the relationship between the parties, and the courts must also examine the degree and nature of any permission granted. See *id*.; *Detroit Med Ctr v Titan Ins Co*, 284 Mich App 490, 493-494; 775 NW2d 151 (2009); see also *Roberts v Titan Ins Co (On Recon)*, 282 Mich App 339, 355-356; 764 NW2d 304 (2009), overruled on other grounds in *Spectrum Health*. A person's subjective belief regarding his or her right to use the vehicle is also a consideration. See *Chop v Zielinski*, 244 Mich App 677, 681-682; 624 NW2d 539 (2001). Exclusivity of use and performance of maintenance are also considerations. See *Kessel v Rahn*, 244 Mich App 353, 357-358; 624 NW2d 220 (2001). In short, whether a person must ask the title-holder for

---

the topic exists. Unlawful *use* of a vehicle is distinct from, and completely irrelevant to, unlawful *taking* under MCL 500.3113(a), and this is already a well-established legal fact. *Monaco v Home-Owners Ins Co*, 317 Mich App 738, 741, 746-750; 896 NW2d 32 (2016).

[3] Defendant correctly observes that at the time *Spectrum Health* was decided, MCL 500.3113(a) read, in relevant part, " . . . unless the person reasonably believed that he or she was entitled to take and use the vehicle." *Spectrum Health*, 492 Mich at 508-509. I do not believe that, in context, a "reasonable belief" that the taking would be rightful differs meaningfully from "know or should know" that the taking was wrongful.

[4] Now MCL 500.3101(2)(*l*), pursuant to 2017 PA 140.

permission to use a vehicle *on a particular occasion* may have some bearing on that person's "constructive ownership," but counsel's argument that it is dispositive takes serious liberties with the law.

Counsel's extreme and simplistic theory of constructive ownership aside, I find nothing in the no-fault act or the case law supporting the contention that permission must be specifically expressed literally each and every time someone other than the title-owner uses a vehicle, lest that person be deemed to own it. In any event, the real issue in this matter is plaintiff's state of mind, not her legal status. I likewise find no indication that it is *impossible* for a course of dealing between a title-owner and another person to establish a general expectation that the other person may use the vehicle without asking. People generally develop expectations of each other based on prior interactions. In any event, I do not perceive plaintiff to argue that she had a completely unrestricted right to use the vehicle whenever and however she wished, but rather that she did not believe *this particular taking* of the vehicle to be wrongful.

Defendant argues that plaintiff's testimony reflected a "standing order" from her daughter that plaintiff was absolutely prohibited from using the vehicle, similar to the facts in *Spectrum Health*. I find plaintiff's deposition testimony unclear. Plaintiff testified that her daughter "*had*" prohibited plaintiff from using the vehicle, but based on the questions posed to her, it appears that plaintiff was only referring to specific prohibitions in specific instances.[5] If a handful of instances can be extrapolated to a blanket rule, then there is no rational basis for considering only the times the daughter denied use of the car, while ignoring the times the daughter granted use of the car. At most, plaintiff's testimony is ambiguous whether her daughter ever imposed a blanket prohibition. Such ambiguity should preclude summary disposition. See *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994), overruled in part on other grounds *Smith v Globe Life Inc Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999).

Importantly, joyriding is not a strict liability offense, but rather has "a *mens rea* element that the taker must intend to take a vehicle 'without authority.' " *Rambin v Allstate Ins Co*, 495 Mich 316, 320; 852 NW2d 34 (2014). Without that *mens rea*, plaintiff could not have committed a joyriding offense, and under MCL 500.3113(a), the vehicle must have *actually* been

---

[5] Specifically, the question was about what plaintiff's daughter "*had* told [her] in the past" (emphasis added), which could reasonably be interpreted as a discussion about *instances* rather than an absolute rule. At one point, plaintiff testified that "[her daughter] just don't let me use it." However, reading that statement in context, I find it ambiguous whether plaintiff understood the question to refer to any particular occasion or in general. Defendant's attorney refused to address plaintiff's attorney's objection based on that ambiguity. Defendant's attorney also refused to permit plaintiff to clarify an answer after asking whether the daughter had denied permission in the past. Again, that question could have plausibly referred either to particular occasions or in general. The majority recites portions of plaintiff's testimony, but leaves out context suggestive of what plaintiff might have understood the questions to mean. I believe both parties at oral argument exaggerated the strength of their respective positions, but the majority seemingly only punishes plaintiff for doing so.

taken unlawfully. Plaintiff unequivocally stated that even though her daughter had not specifically granted permission to use the car that day, plaintiff "thought that it would be okay." A trier of fact *might* find that statement incredible. However, the courts may not evaluate plaintiff's credibility at this stage "absent exceptional circumstances" such as defiance of physical laws or an extreme level of inherent implausibility. *People v Lemmon*, 456 Mich 625, 642-644; 576 NW2d 129 (1998). In light of plaintiff's ambiguous deposition testimony and defendant's clumsy questioning, I decline to assume that plaintiff could not have genuinely believed, based on past practices and under the circumstances, that she did not require an express grant of permission to use the car. The fact that plaintiff's case may seem doubtful does not justify taking it from the jury. *Caldwell v Fox*, 394 Mich 401, 407; 231 NW2d 46 (1975).

In short, I think the majority establishes a rule that has no basis in the law or in how people generally treat their relationships within families or otherwise. I would conclude that plaintiff's admitted lack of express permission certainly weakens her case, but does not *necessarily* preclude a reasonable possibility that a trier of fact could find that she lacked the *mens rea* to commit a joyriding offense. Under the circumstances, I would find genuine questions of fact whether the vehicle actually was taken unlawfully, whether plaintiff actually knew it was taken unlawfully, or whether plaintiff should have known it was taken unlawfully. To be clear, I do not hold that plaintiff could not possibly have held the requisite *mens rea*, but rather that the deposition testimony is too ambiguous to warrant summary disposition at this stage. I would therefore reverse and remand for further proceedings.

/s/ Amy Ronayne Krause

-4-