# STATE OF MICHIGAN

# COURT OF APPEALS

MEMBERSELECT INSURANCE COMPANY,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and USAA
CASUALTY INSURANCE COMPANY,

Defendants-Appellees.

UNPUBLISHED
December 4, 2018

No. 339163
Wayne Circuit Court
LC No. 15-013103-NF

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

In this insurance priority dispute concerning the payment of personal protection insurance (PIP) benefits to an injured motorcyclist under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, MemberSelect Insurance Company, appeals by right the trial court's order granting defendants State Farm Mutual Automobile Insurance Company (State Farm) and USAA Casualty Insurance Company (USAA) summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand for further proceedings.

Tanita Whited, the daughter of John Whited, purchased a Nissan Altima, registered it in her name, and insured it through defendant USAA. She kept the Altima with her in Virginia Beach, Virginia, until she was deployed with the United States Navy, at which point her father brought the Altima back to his home in Michigan. Tanita gave John permission to use the vehicle, and in fact, she specifically directed him to use the vehicle instead of storing it. John had possession and use of the Altima from February 2014 through the time of the accident in October 2014. John had his own personal vehicles insured through defendant State Farm.

In October 2014, John was driving the Altima when he exited a freeway. A motorcyclist was driving directly behind him. The vehicles in front of John suddenly stopped, causing John to suddenly stop as well. The motorcyclist evidently braked quickly as well, which caused the motorcycle to slide on its side. Although the motorcycle did not strike the Altima, the motorcyclist suffered a traumatic head injury.

Plaintiff insured the motorcyclist's motor vehicles. Plaintiff promptly paid the motorcyclist's PIP benefits and later filed a subrogation action against State Farm. Plaintiff later

-1-

amended the complaint to add USAA and claimed that those insurers were higher in priority for payment of the motorcyclist's PIP benefits under the no-fault act.

Both defendants filed motions for summary disposition, which the trial court addressed at a combined hearing. The trial court granted USAA's motion because of plaintiff's failure to notify USAA within one year of the accident as required by MCL 500.3145(1).[1] The trial court also granted State Farm's motion after concluding that State Farm only insured the *driver* of the Altima, not the *owner*, thus making it second in priority. And because it determined that the insurer in first priority (USAA) was not liable, the court held that plaintiff could not seek subrogation from the insurer in second priority. The trial court found unavailing plaintiff's argument that John was an owner of the Altima under the no-fault act by virtue of his access to and use of the vehicle.

On appeal, plaintiff argues that the trial court erred in granting State Farm's motion for summary disposition because John was an owner of the Altima under the no-fault act, which means that State Farm was an insurer of an owner of the Altima, thereby placing State Farm in the first order of priority for payment of the motorcyclist's PIP benefits.[2] We agree.

---

[1] We note that plaintiff does not present any arguments on appeal that the trial court erred in granting USAA's motion for summary disposition.

[2] We disagree with State Farm's argument that plaintiff waived its claim that John Whited was a statutory owner under the no-fault act because plaintiff did not raise the specific argument in its pleadings. MCR 2.111(B) requires only that a pleading contain (1) facts specific enough to reasonably inform the adverse party of the claim on which it is called to defend, and (2) a demand for judgment. Plaintiff's averments were specific enough for State Farm to be put on notice that it would be called on to defend a subrogation action under the no-fault act regarding its insured. The pleadings included a demand for judgment. Plaintiff was not required to make specific legal arguments in its complaint or amended complaints. See *Smith v Stolberg*, 231 Mich App 256, 260-261; 586 NW2d 103 (1998). Moreover, an issue is preserved for appeal if it is raised, addressed, and decided by the lower court. *Mouzon v Achievable Visions*, 308 Mich App 414, 419; 864 NW2d 606 (2014). At the motion hearing on State Farm's motion for summary disposition, plaintiff raised the issue that based on equitable, common-law principles, John was a "constructive owner" of the Altima because he had use of it for more than 30 days. The trial court asked the parties to submit supplemental briefs on this issue. In plaintiff's supplemental brief, it then argued that John was a "statutory owner" of the Altima because he satisfied the requirements of MCL 500.3101(2)(l)(*i*). And State Farm later filed a response to plaintiff's reliance on MCL 500.3101(2)(l)(*i*). Thus, while plaintiff did not initially or squarely raise the issue in its response to State Farm's motion for summary disposition, the issue was ultimately addressed in supplemental briefings and the trial court decided the issue. Notably, while the trial court characterized plaintiff's argument as being "last minute," the court never deemed the argument untimely, waived, or abandoned. Thus, while plaintiff could have and should have raised this precise issue earlier, we deem that the issue nonetheless is preserved for appeal.

We review a trial court's decision regarding a motion for summary disposition de novo. *Old Kent Bank v Kal Kustom, Inc*, 255 Mich App 524, 528; 660 NW2d 384 (2003). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim, and it is appropriate when there is no genuine issue concerning any material fact. *Universal Underwriter's Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). When deciding a motion for summary disposition pursuant to this subrule, we must consider all pleadings, affidavits, depositions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Cowles v Bank West*, 476 Mich 1, 32; 719 NW2d 94 (2006).

This Court also reviews issues of statutory interpretation de novo. *Signature Villas, LLC v Ann Arbor*, 269 Mich App 694, 699; 714 NW2d 392 (2006). "The primary purpose of statutory interpretation is to ascertain and give effect to the intent of the Legislature. The meaning of the Legislature is to be found in the terms and arrangement of the statute without straining or refinement, and the expressions used are to be taken in their natural and ordinary sense." *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999) (quotation marks and citations omitted).

MCL 500.3114(5) provides for the order of priority for payment of PIP benefits when an accident involves a motor vehicle and a motorcycle:

> (5) A person suffering accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> > (a) The insurer of the owner or registrant of the motor vehicle involved in the accident.
> >
> > (b) The insurer of the operator of the motor vehicle involved in the accident.
> >
> > (c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.
> >
> > (d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

Plaintiff claims that State Farm occupies the highest priority position because State Farm is an insurer of John who, in turn, is an "owner" of the Altima under the no-fault act. It is well established that "when a statute specifically defines a given term, that definition alone controls." *Tryc v Mich Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996). MCL 500.3101(2)(l) of the no-fault act defines "owner" in pertinent part as follows:

> (l) "Owner" means any of the following:

> (*i*) A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days.

"There may be multiple owners of a vehicle for purposes of the no-fault act." *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 38; 748 NW2d 574 (2008) (quotation marks and citation omitted).

Contrary to State Farm's suggestion at oral argument, a person need not have actually used the vehicle during this 30-day period. *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004). "Rather, the focus must be on the nature of the person's *right* to use the vehicle." *Id.* (emphasis added). In *Ardt*, this Court held that the phrase "having the use of" implies an ownership that "follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Ardt*, 233 Mich App at 690-691. Here, when viewing the evidence in a light most favorable to plaintiff, the non-moving party, there is a question of fact if John was an "owner" of the Altima at the time of the accident. The evidence shows that Tanita gave the Altima to her parents in February 2014 and told them to use the vehicle during her deployment overseas. John and his wife drove the vehicle from Tanita's home in Virginia to their home in Michigan, where it remained for their use through the time of the accident, which spanned a period of approximately eight months. Tanita further testified that she wanted them to "use" the vehicle and not to simply store it while she was deployed. Thus, the evidence shows that John's usage was not based on mere "permission of another" but was also based on a "possessory" interest as well. Cf. *id*. at 691 (stating that a regular pattern of unsupervised usage could support a finding that the user was an owner under the statute). Therefore, under these circumstances, there is a question of fact whether John was an "owner" of the Altima under the no-fault act, and the trial court erred when it granted State Farm's motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax cots pursuant to MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Jonathan Tukel
/s/ Anica Letica