*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEKEYIA WILLIAMS,

       Plaintiff-Appellant,

v

CHRISTINE ANTOINETTE KELLY, CITY OF
DETROIT, MICHIGAN ASSIGNED CLAIMS
PLAN, also known as MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY, and
JOHN DOE INSURER,

       Defendants-Appellees.

UNPUBLISHED
October 13, 2022

No. 357934
Wayne Circuit Court
LC No. 20-001601-NI

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Nekeyia Williams was injured when a Detroit city bus, driven by Christine Kelly, side swiped the parked car in which she was a passenger. The car was registered to the cousin of Williams's fiancé and it was uninsured at the time of the accident. Williams also did not have automobile insurance, and so she applied for personal injury protection through the Michigan Assigned Claims Plan as managed by the Michigan Auto Insurance Placement Facility (MAIPF). The MAIPF denied Williams's application for benefits, and she thereafter brought claims for her injuries against the city of Detroit, Kelly, and the MAIPF. The trial court granted summary disposition for each defendant. We affirm in part and reverse in part.

## I. BACKGROUND

When Williams applied for personal injury protection from the MAIPF, she reported that she rarely drove the car, did not have her own set of keys for the car, and she did not perform any maintenance on the car. Williams first stated that she had never driven the car, but then soon after also said that she had driven the car a year before the accident about two times per week. The MAIPF denied Williams's application because it determined that she was one of the constructive owners of the car when considering her use.

-1-

Williams then filed suit against Kelly and the city of Detroit, alleging that they were liable for her injuries. Kelly and the city of Detroit moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), arguing that they were entitled to governmental immunity. The trial court found that Williams could not establish that Kelly was grossly negligent and, therefore, Kelly and the city of Detroit were entitled to summary disposition because the motor-vehicle exception to governmental immunity was not satisfied.

Williams also alleged that her application for benefits was wrongfully rejected. The MAIPF argued that it was entitled to summary disposition under MCR 2.116(C)(10) because Williams was precluded from collecting personal-injury-protection benefits as a constructive owner of the car. The trial court granted MAIPF summary disposition because it found that there was no question of fact that Williams had constructive ownership of the uninsured car when she had testified that she repeatedly used the car.

## II. ANALYSIS

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). "Similarly, the applicability of governmental immunity is a question of law that this Court reviews de novo." *Wood v City of Detroit*, 323 Mich App 416, 419; 917 NW2d 709 (2018) (cleaned up).

"MCR 2.116(C)(7) provides for summary disposition when a claim is 'barred because of . . . immunity granted by law . . .' " *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (cleaned up).

The trial court did not specify whether it granted the motions under MCR 2.116(C)(8) or (C)(10), but the trial court relied on facts outside of the pleadings when making its findings. Accordingly, MCR 2.116(C)(10) is the appropriate basis for review. See *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

## A. THE CITY OF DETROIT

Under the governmental tort liability act (GTLA), "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function," unless an exception otherwise precludes this immunity. MCL 691.1407(1). There is no dispute that the city of Detroit is a governmental agency, nor that Kelly was engaged in a governmental function at the time of the collision with Williams. This statute also provides a motor-vehicle exception to the grant of governmental immunity, MCL 691.1405, which states that

"[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner[.]" Thus, the GTLA applies an ordinary negligence standard to the employee's actions when determining whether the government is liable for the harm. *Alex v Wildfong*, 460 Mich 10, 18; 594 NW2d 469 (1999).

In granting the city of Detroit summary disposition, the trial court stated that "the standard is high for a reason. That's not to say the Court necessarily agrees with it at this point. If this were negligence, I'd be with you. But gross negligence should be gross." There is no doubt that the trial court applied a gross negligence standard when analyzing the city of Detroit's liability, and, thus, it erred in this respect.

Nevertheless, "[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Dep't of Transp*, 256 Mich App, 1, 3; 662 NW2d 822 (2003). "[G]overnmental immunity is a characteristic of government," and "[a]s such, plaintiff must plead her case in avoidance of immunity." *Mack v City of Detroit*, 467 Mich 186, 198; 649 NW2d 47 (2002). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge or a nongovernmental or proprietary function." *Id*. at 204.

In this case, Williams alleged that the city of Detroit was liable for her injuries under theories of owner's liability, respondeat superior, and negligent hiring and retention. Williams concedes that none of these claims are statutory exceptions to the city of Detroit's governmental immunity. At no point did Williams allege in her complaint that her claim against the city of Detroit was exempted from governmental immunity under the motor-vehicle exception, MCL 691.1405, or any other exception. For this reason, summary disposition on the basis of governmental immunity under MCR 2.116(C)(7) was appropriate for the city of Detroit.

## B. KELLY

With respect to individual government employees, MCL 691.1407 states, in relevant part:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency. . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 691.1407(2)(a) through (c).]

"MCL 691.1407(2) provides immunity for governmental employees, but MCL 691.1407(2)(c) provides an exception to that immunity when the employee's conduct constitutes gross negligence." *Yoches v City of Dearborn*, 320 Mich App 461, 476; 904 NW2d 887 (2017). "Gross negligence is defined by the GTLA as conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Tarlea v Crabtree*, 263 Mich App 80, 89; 687 NW2d 333 (2004) (cleaned up). Gross negligence only applies to extreme reckless behavior, a willful disregard of precautions, and a "singular disregard for substantial risks." *Id*. at 90. Such behavior would leave an observer reasonably to conclude that "the actor simply did not care about the safety or welfare of those in his charge." *Id*.

Kelly's side-swiping of two cars, by itself, does not demonstrate that she was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted. Moreover, the facts contained in the record do not substantiate that Kelly acted grossly negligent. This Court was not presented with a deposition of Kelly or a video of the crash in the lower court record; evidence which could have presented more information regarding Kelly's actions. Furthermore, by the time Williams responded to Kelly's motion for summary disposition, and by the time the trial court held a hearing on the matter, discovery in this case had closed. Therefore, on the basis of the admitted evidence, Kelly was entitled to governmental immunity and summary disposition for Kelly was appropriate under MCR 2.116(C)(7).

## C. MAIPF

The 2019 legislative amendments to the no-fault act, MCL 500.3101 *et seq*, are not retroactive. See *Andary by & through Andary v USAA Cas In Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 356487). The accident occurred on April 3, 2019, and at that time MCL 500.3113(b) stated, "A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . .[t]he person was the owner or registrant of a motor vehicle . . .involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect." Also at the time, MCL 500.3101(1) required an owner or registrant of a motor vehicle to maintain automobile insurance and MCL 500.3101(2)(l)(i) defined "owner" as including "[a] person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days."

This type of ownership is often referred to as "constructive" ownership. This Court has stated that "having the use" of a motor vehicle "means using the vehicle in ways that comport with concepts of ownership." *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999). Furthermore, "ownership follows from proprietary or possessory usage, as opposed to merely incidental usage under the direction or with the permission of another." *Id*. at 691 (emphasis omitted). "[T]he focus must be on the nature of the person's right to use the vehicle." *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004).

The trial court granted the MAIPF summary disposition because it found that Williams was a constructive owner of the car after she testified during her examination under oath, as part of her

-4-

application for benefits, that she had previously driven the car twice a week. During the examination under oath, Williams was asked if she ever drove the car, and she answered "no." She then clarified that she had driven the car before and that she used it for school "several times." When asked "how often per week," Williams answered, "probably last year around probably twice." Williams was then asked, "two times per week?" to which the reporter asked, "was that a yes," and Williams responded, "Yes. Yes. Sorry about that." During her subsequent deposition, Williams clarified that she did say that she had driven the car twice per week, but that she was confused when she answered that question.

Williams also stated, at her examination and her subsequent deposition, that she did not have keys for the car, she would have to ask her fiancé's cousin for permission to drive the car even though he would always give her permission, she had not performed maintenance or repairs on the car, and she had not gotten the car washed.

Given all of the facts in this case, and that "the focus must be on the nature of the person's right to use the vehicle," *Twichel*, 469 Mich at 530, there remains a genuine issue of material fact regarding whether Williams was a constructive owner of the car because, even if Williams had used the car twice a week, mere incidental usage with permission is not sufficient to render an individual a constructive owner under the no-fault act. *Ardt*, 233 Mich App at 691. Further, Williams consistently testified that she had to ask for permission to use the car, and she did not have her own key. Therefore, the trial court erred when it granted summary disposition to the MAIPF on this issue.

Lastly, for the first time on appeal, plaintiff argues that the car was not "involved in the accident" under MCL 500.3106 and, thus, she should be entitled to personal-injury-protection benefits from the MAIPF. Because we find the order granting summary disposition in favor of MAIPF should be reversed, we decline to consider this argument because its consideration is not required for a proper determination of the case on appeal. Furthermore, no trial court record involving this issue exists and, thus, the facts necessary for its resolution have not been presented. *Id.*

## III. CONCLUSION

We affirm the trial court's grant of summary disposition to the city of Detroit and Kelly. We reverse the trial court's grant of summary disposition to the MAIPF, and we remand this case for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford

-5-