*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRACY ALKASEMI, as Guardian of HANNAH
TABROSKI, LIP,

        Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY,

        Defendant-Appellee,

and

MICHIGAN ASSIGNED CLAIMS PLAN and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants.

UNPUBLISHED
January 19, 2023

No. 359519
Wayne Circuit Court
LC No. 19-017302-NF

Before: M. J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, the sister and guardian of Hannah Tabroski (Tabroski), a legally incapacitated person, appeals by right following the trial court's entry of an order granting in part and denying in part plaintiff's motion to dismiss without prejudice.[1] Plaintiff challenges the trial court's underlying August 23, 2021 order granting defendant Auto-Owners Insurance Company's (defendant)[2] motion for reconsideration and, on reconsideration, granting defendant's motion for summary disposition. We reverse and remand for further proceedings.

---

[1] The trial court's order dismissed plaintiff's claims *with* prejudice.

[2] After filing suit against defendant, plaintiff amended her complaint to add a claim for personal protection insurance benefits against the Michigan Assigned Claims Plan (MACP) and the

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In May 2019, Tabroski was the passenger on an uninsured motorcycle operated by her boyfriend, Joshua Pretzer (Pretzer). The motorcycle collided with a vehicle, and Tabroski and Pretzer were thrown from the motorcycle. Pretzer was pronounced dead at the scene. Tabroski survived and required extensive medical intervention. On July 29, 2019, plaintiff filed a claim for personal protection insurance (PIP) benefits with defendant, the insurer of the vehicle involved in the accident. According to an August 1, 2019 entry in defendant's claim logs, defendant's adjuster received a letter from plaintiff's attorney stating that Tabroski was a passenger on the motorcycle, Pretzer was the driver, and "it is their belief that Joshua was no [sic] the registered owner from their research but they believe he was the owner." The letter also stated that plaintiff's attorney had spoken to the last-registered owner of the motorcycle, Zakaria Bazzoun (Bazzoun), who informed him that he had sold the motorcycle "a couple years ago but not to [Pretzer.]" On August 2, 2019, defendant's adjuster confirmed that the motorcycle was last registered to Bazzoun. The adjuster's claim logs indicate that plaintiff's attorney sent a "picture of the title with [Bazzoun] as the titled owner with it being sold to Ronlad [sic] Freeman [Freeman] on 6/25/17." The adjuster called Freeman that day, but the number was not in service.

Plaintiff's claim, along with the claims of three other individuals involved in the accident, were transferred to defendant's catastrophic claims branch on August 15, 2019 because of the severe nature of the injuries and the potential cost of those claims. The August 15, 2019 notes of the adjuster to whom the case was transferred, Lynne Shelle (Shelle), indicate that she contacted the Detroit Police Department to inquire whether there was a supplemental police report regarding the accident; Shelle was informed that such a report had been completed and that she would need to order it. Shelle also spoke with plaintiff's attorney, who provided her with the contact information for Pretzer's mother, and stated that she would call both Pretzer's mother and plaintiff to "set up a time for a recorded statement as we need to find out if [Tabroski] was a constructive owner of the motorcycle." A note from Shelle on September 16, 2019 indicates that defendant was still investigating the identity of the owner of the motorcycle; Shelle also noted that plaintiff had been appointed as Tabroski's guardian and stated that she would call plaintiff's attorney to set up a time for a recorded statement, as well as contact Pretzer's mother for a recorded statement.

Shelle received the supplemental police report in December 2019. That report listed Tabroski as the passenger of the motorcycle driven by Pretzer.[3] An application for PIP benefits on Tabroski's behalf was made on December 12, 2019; the claim log indicates that Tabroski was identified as the passenger of the motorcycle, and that no vehicles were registered to her household. Shelle called and left a message for plaintiff's attorney on December 13, 2019, seeking a recorded conversation with plaintiff and a copy of Tabroski's driver's license. Plaintiff filed suit later in

---

Michigan Automobile Insurance Placement Facility (MAIPF). However, the trial court dismissed that claim because it held defendant to be the higher-priority no-fault insurer. The MACP and the MAIPF are not parties to this appeal, and we will refer to defendant Auto-Owners Insurance Company simply as "defendant."

[3] The initial police report had identified the female passenger on the motorcycle only as "Jane Doe."

December 2019, alleging that defendant had unreasonably refused to pay or delayed paying Tabroski's benefits, and requesting penalty interest and attorney fees. A note from defendant's claim logs on January 6, 2020 indicates that the "use of defense counsel to pursue an [examination under oath] of Tabroski to confirm coverage" was authorized. Plaintiff filed a separate complaint, in Wayne County Probate Court, seeking payment of attorney and guardianship fees, in May 2020.

Plaintiff was deposed on June 29, 2020. Plaintiff testified that Tabroski did not own the motorcycle, had no driver's license, never drove the motorcycle, and was not responsible for any of its maintenance. Defendant's claim logs indicate that the investigation status into whether Tabroski was covered was "completed" on July 17, 2020. Defendant began paying Tabroski's claims, and issued the first check for benefits on August 13, 2020.

On April 29, 2021, plaintiff moved for summary disposition under MCR 2.116(C)(10), seeking penalty interest under MCL 500.5132 and attorney fees under MCL 500.3148.[4] Plaintiff argued that she had made a timely claim for benefits, but that defendant had unreasonably delayed payment, claiming that it was investigating who owned the motorcycle. Defendant also moved for summary disposition, asserting that it had "paid all of Tabroski's reasonably necessary PIP benefits[,]" and was therefore discharged from its obligation to pay further benefits. Defendant also argued that it was not obligated to pay certain unpaid balances for medical services already provided to Tabroski, or to pay expenses related to plaintiff's guardianship, noting that there was a separate suit in the probate court regarding guardianship fees.

Defendant also responded to plaintiff's motion for summary disposition, arguing that it began paying benefits on August 13, 2020, which was 27 days after it had completed its coverage investigation. Defendant argued that the delay was reasonable, because there was a bona fide factual uncertainty regarding whether Tabroski was the constructive owner of the motorcycle, which would bar coverage. Defendant requested that the trial court grant it summary disposition under MCR 2.116(I)(2).

On June 28, 2021, the trial court entered an order "that Plaintiff's Motion for Summary Disposition as to Interest and Attorney Fees is DENIED as a question of fact exists for the reasons stated on the record." However, the trial court also stated on the record at the June 24, 2021 hearing on the motion: "And, there also appears to be a rational basis—reason for the delay in payments that were sought by Plaintiff." The trial court entered a separate order, also on June 28, 2021, that granted the portion of defendant's motion relating to unpaid balances, but denied the portion of the motion relating to guardianship expenses.[5] Defendant moved for reconsideration, arguing, relevant to this appeal, that the trial court had failed to address defendant's request for summary disposition under MCR 2.116(I)(2), and that, because the trial court had determined that defendant's delay was reasonable, the trial court should have granted summary disposition to defendant with respect to plaintiff's request for penalty interest and attorney fees. The trial court

---

[4] Defendant was not contesting, and does not contest on appeal, its obligation to pay PIP benefits to Tabroski, and indeed has paid over $2 million dollars on Tabroski's behalf.

[5] The trial court entered an amended order on July 7, 2021, which added a requirement that defendant defend and indemnify plaintiff if she were sued for balance bills.

granted defendant's motion for reconsideration. The trial court's August 23, 2021 order states in relevant part that "*to the extent that Plaintiff seeks attorney fees under MCL 500.3148(1)*, the same are denied since the Court previously found that Defendant had a rational basis for delay in payment to investigate the claim and Defendant's Counter-Motion for summary disposition [under MCR 2.116(I)(2)] is GRANTED." (Emphasis added.)

Plaintiff subsequently moved to dismiss the case without prejudice. The trial court agreed to dismiss the case, but declined to do so without prejudice, and instead entered an order of dismissal with prejudice. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision to grant or deny summary disposition." *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). "A motion under [MCR 2.116(C)(10)] tests the factual sufficiency of the complaint." *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 777; 910 NW2d 666 (2017) (quotation marks and citation omitted). A trial court, in evaluating a motion for summary disposition under MCR 2.116(C)(10), "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (quotation marks and citation omitted).

> Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*West v Gen Motors Co*, 469 Mich 177, 183; 665 NW2d 468 (2003).]

"[A] trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). MCR 2.116(I)(2) permits a trial court to grant summary disposition in favor of an opposing party, rather than the moving party, if it appears to the court that the opposing party is entitled to judgment.

We review for clear error a trial court's finding concerning an allegedly unreasonable refusal to pay or delay in paying benefits. *Attard v Citizens Ins Co of America*, 237 Mich App 311, 316-317; 602 NW2d 633 (1999). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with a definite and firm conviction that a mistake has been made." *Bynum v ESAB Group, Inc*, 467 Mich 280, 285; 651 NW2d 383 (2002). "[A] trial court's grant or denial of a motion for reconsideration is reviewed for an abuse of discretion." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 451; 844 NW2d 727 (2013). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

This Court reviews de novo the interpretation of statutes and court rules. *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 620; 739 NW2d 132 (2007); *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 612; 714 NW2d 409 (2005).

### III. THE PERTINENT STATUTES

The owner or registrant of an uninsured motorcycle involved in an accident is not entitled to PIP benefits under the no-fault act. See MCL 500.3113(b). "Owner" and "registrant" are not synonymous; a person may be an owner of a motorcycle despite not having registered it. See MCL 500.3101(*l*)(*i*); *Titan Ins Co v State Farm Mut Auto Ins*, 296 Mich App 75, 85-86; 817 NW2d 621 (2012). To be a constructive owner of a vehicle, a person must use "the vehicle in ways that comport with concepts of ownership" such as "a regular pattern of unsupervised usage" rather than a mere "spotty and exceptional pattern" of usage. *Ardt v Titan Ins Co*, 233 Mich App 685, 690-691; 593 NW2d 215 (1999). When determining whether a person is a constructive owner under the no-fault act, the focus "must be on the nature of the person's right to use the vehicle." *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530; 676 NW2d 616 (2004).

MCL 500.3148(1) provides in relevant part that "an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds[6] that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

MCL 500.3142 provides in relevant part:

> (2) Subject to subsection (3), personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. Subject to subsection (3), if reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Subject to subsection (3), any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. . . . [MCL 500.3142(2).]

> * * *

> (4) An overdue payment bears simple interest at the rate of 12% per annum.

Interpreting MCL 500.3148(1) and MCL 500.3142(2) together, our Supreme Court has held:

---

[6] Based on the plain language of MCL 500.3148(1), whether an insurer has "unreasonably refused to pay the claim or unreasonably delayed in making proper payment" under that provision is a question of law for the court. See also, MCJI 35.03, Comment ("The attorney fee thus is a question not for the jury but for the Court.").

Under the plain language of the statute, the claimant shoulders the initial burden to supply reasonable proof of her entire claim, or reasonable proof for some portion thereof. When the claimant provides such evidence, the insurer then must evaluate that evidence as well as evidence supplied by the insurer's doctor before making a reasonable decision regarding whether to provide the benefits sought. [*Moore v Secura Ins*, 482 Mich 507, 523; 759 NW2d 833 (2008).]

"[I]nsurers who receive a claim for PIP benefits prior to expiration of the limitations period must act diligently when investigating, responding to, and resolving the claim[.]" *Griffin v Trumbull Ins Co*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 162419); slip op at 12. "[A] delay is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Attard*, 237 Mich App at 317. "When an insurer refuses to make or delays in making payment, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Id*.

## IV. DELAY IN PAYMENT OF PIP BENEFITS

Plaintiff argues that the trial court erred by finding that the delay in paying Tabroski's PIP benefits was reasonable. We agree.

As stated, defendant's claim logs indicate the case was brought to defendant's attention on July 29, 2019. Although it appears that Shelle acted reasonably promptly in contacting the Detroit Police Department for additional information after receiving the transferred claim, it was not until December, 2019 that defendant received an amended police report. Prior to the receipt of the supplemental report, the record shows very little action on behalf of defendant to investigate the claim; Shelle's claim logs merely note her intention to call plaintiff, plaintiff's counsel, and Pretzer's mother and schedule recorded statements. But, according to the claim logs, Shelle did not contact plaintiff's attorney until December 13, 2019.

Moreover, defendant's claim logs show that defendant was informed by the initial police report, plaintiff, and plaintiff's attorney that Tabroski was a passenger on the motorcycle owned by Pretzer. Plaintiff's attorney also provided them with information about the motorcycle's sale by the last titled owner, and informed defendant that Pretzer's mother had stated that he "had the motorcycle" prior to accident. The record is devoid of any evidence received by defendant that Tabroski ever used the motorcycle "in ways that comport with the concept of ownership," *Ardt*, 233 Mich App at 690; indeed, there is no evidence that Tabroski had even ever been a passenger on the motorcycle before the accident. Defendant was informed that no vehicle was listed in Tabroski's household.

At Shelle's deposition, Shelle could not identify any specific evidence that prompted the investigation into whether Tabroski was a constructive owner of the motorcycle, other than the fact that she was a passenger on the motorcycle and the motorcycle was uninsured; instead, Shelle merely repeated several times that she relied on the "claim file as a whole" in initiating an investigation into Tabroski's possible constructive ownership, and continuing that investigation for nearly a year. While there may have been questions about who was the owner of the motorcycle, there was absolutely no evidence that Tabroski ever used the motorcycle as an owner would, such as using it regularly and without supervision. *Ardt*, 233 Mich App at 690. Further,

Shelle appeared to believe, and to have focused her investigation accordingly, that Tabroski was required to be *eliminated* as a potential constructive owner before coverage could be found; indeed, Shelle even referred to plaintiff as having a "burden of proof" to show that she was not a constructive owner. The investigation was clearly not focused on Tabroski's right to use the motorcycle, *Twichel*, 469 Mich at 530, but rather whether plaintiff or some other party could provide sufficient evidence to clear Tabroski of any suspicions of constructive ownership. But the law places the burden on defendant to justify a delay in coverage. *Attard*, 237 Mich App at 317. Defendant has not justified its choice to delay coverage for a significant amount of time based on nothing more than Tabroski's status as a passenger on an uninsured motorcycle.

Under these circumstances, we conclude that defendant did not act diligently in investigating plaintiff's claim. *Griffin*, ___ Mich at ___; slip op at 12. The fact that Tabroski was a passenger on the motorcycle was an insufficient reason to delay defendant's coverage determination for nearly a full year. *Attard*, 237 Mich App at 317. The trial court therefore erred by finding that defendant had a reasonable basis for delaying payment of Tabroski's benefits and that plaintiff was not entitled to attorney fees under MCL 500.3148(1).

V. PENALTY INTEREST

Plaintiff also argues that the trial court erred by dismissing her case with prejudice, because she was entitled to penalty interest on overdue benefits paid by defendant. We agree, because the issue of penalty interest was not decided by the trial court's June 28, 2021 and August 23, 2021 orders, and plaintiff's entitlement to penalty interest thus remains an open issue.

As stated, MCL 500.3142(2) provides that PIP benefits are overdue if not paid within 30 days after an insurer "receives reasonable proof of the fact and of the amount of loss sustained." Overdue claims accrue penalty interest at a statutorily-determined rate. MCL 500.3142(4).

"The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "When interpreting a statute, we must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id*. (quotation marks and citations omitted).

Defendant argues that the PIP benefits it paid in this case were not overdue, because it began paying them within 30 days of completing its investigation into coverage, referring to the claim logs noting that the investigation was completed on July 17, 2020. However, by the plain language of MCL 500.3142(2), PIP benefits are "overdue if not paid within 30 days after an insurer *receives reasonable proof* of the fact and of the amount of loss sustained." MCL 500.3142(2) (emphasis added). Defendant arguably received "reasonable proof of the fact and of the amount of loss sustained" when it deposed plaintiff on June 29, 2020. Defendant has not argued, and we discern nothing in the record to show, that defendant received any additional "proof of the fact and of the amount of loss sustained" after that date. Yet, there remains a factual question whether, under MCL 500.3142(2), Tabroski's PIP benefits were overdue. Unlike the issue of attorney fees under MCL 500.3148(1), that issue is a factual one to be decided by a jury, see MCJI 35.04, or by the trial court on a properly-supported motion for summary disposition. Although plaintiff moved

-7-

for summary disposition with respect to both penalty interest and attorney fees, the trial court's June 28, 2021 order did not address the issue (other than to find a question of fact, albeit without clearly distinguishing its reasoning with respect to attorney fees under MCL 500.3148(1) and penalty interest under MCL 500.3142). And the trial court's August 23, 2021 order granting reconsideration (and granting summary disposition in favor of defendant) was expressly limited to the issue of attorney fees under MCL 500.3148(1). The issue of penalty interest thus remains an open one, such that the trial court erred by neither deciding it on a properly-supported motion for summary disposition nor submitting it to a jury for its determination, and by instead dismissing the entirety of plaintiff's claim with prejudice.

## VI. CONCLUSION

We reverse the trial court's order dismissing plaintiff's case and the trial court's order granting defendant's motion for reconsideration.[7] We remand for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

---

[7] Because we hold that the trial court erred on substantive grounds by granting defendant's motion for reconsideration, we need not consider plaintiff's argument that the trial court erred by considering defendant's motion because it was untimely.