*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPECTRUM HEALTH HOSPITALS,
SPECTRUM HEALTH PRIMARY CARE
PARTNERS, doing business as SPECTRUM
HEALTH MEDICAL GROUP, and SPECTRUM
HEALTH WORTH SERVICES, doing business as
SPECTRUM HEALTH NEURO
REHABILITATION SERVICES,

UNPUBLISHED
June 8, 2023

Plaintiffs-Appellants,

v

No. 362651
Kent Circuit Court
LC No. 21-004265-NF

FARMERS INSURANCE EXCHANGE,

Defendant-Appellee.

Before: MARKEY, P.J., and MURRAY and FEENEY, JJ.

MARKEY, P.J. (*dissenting*).

In this action brought by plaintiffs, Spectrum Health Hospitals, Spectrum Health Primary Care Partners, and Spectrum Health Worth Services, to recover no-fault insurance benefits for the medical care and treatment provided to Linda Lockett (now deceased), plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendant, Farmers Insurance Exchange (Farmers), under MCR 2.116(C)(10). The trial court found as a matter of law that Lockett was the constructive owner of the motor vehicle that she was operating when it was involved in an accident that eventually took Lockett's life. Because Lockett did not carry any automobile insurance and her vehicle was not insured, the trial court ruled that there was no entitlement to personal protection insurance (PIP) benefits. Accordingly, Farmers was not obligated to compensate plaintiffs for the services they rendered to Lockett. Plaintiffs argue on appeal that the trial court failed to abide by the principles governing motions for summary disposition brought under MCR 2.116(C)(10). The majority agrees with plaintiffs' argument, reverses the trial court's ruling, and remands the case for further proceedings. Because I conclude that the trial court's decision was legally sound and did not constitute error, I respectfully dissent.

## I. FACTUAL AND PROCEDURAL HISTORY

Lockett was driving an uninsured motor vehicle when she lost control and struck a telephone pole. Two passengers were also inside the car. Lasondra Leffler, Lockett's friend, died from injuries sustained in the automobile accident. James Coleman, who was in a dating relationship with Lockett at the time, was injured but survived the accident. Lockett suffered significant injuries and received treatment from plaintiffs until she succumbed to her injuries.

The parties agreed that the registered owner of the uninsured vehicle at the time of the accident was Lockett's daughter. Lockett herself was not covered by a policy of automobile insurance. Farmers was the assigned insurer. Plaintiffs filed a claim with Farmers for PIP benefits on behalf of Lockett, which Farmers denied. Subsequently, plaintiffs filed a complaint against Farmers seeking the payment of benefits. Farmers moved for summary disposition under MCR 2.116(C)(10), arguing that Lockett was a constructive owner of the vehicle and thus precluded from receiving benefits in light of the absence of mandatory insurance. Farmers relied on Coleman's deposition testimony in asserting that Lockett constructively owned the vehicle involved in the accident. Plaintiffs opposed the motion, contending that Farmers could not meet its burden to establish that Lockett was the constructive owner of the vehicle solely on the basis of Coleman's testimony. They argued that Coleman's testimony was at times inconsistent and speculative. Plaintiffs maintained that close examination of Coleman's testimony revealed that he had no true knowledge regarding Lockett's actual use of the car, and use of the vehicle was essential to determining constructive ownership. Plaintiffs did not rely on any documentary evidence that countered Coleman's testimony; rather, they simply assailed perceived shortcomings in Coleman's testimony.

The trial court dispensed with oral arguments and granted Farmers' motion for summary disposition, ruling that Coleman's testimony created an overall picture that strongly reflected that Lockett's use of the vehicle comported with the concept of ownership. The trial court specifically observed that Coleman had witnessed Lockett's use of the vehicle for more than 30 days and that he was in the best position to know about such use. The court explained that Coleman testified with respect to several facts that indicated ownership. This included Coleman's belief that it was Lockett's vehicle, the presence of the car at their shared apartment, Lockett's possession of the keys, her actions in filling the gas tank, the failure to see anyone else—including Lockett's daughter–-use the car, Lockett's use of the vehicle whenever needed, and the fact that Lockett never asked permission from someone else to use the car. The trial court ruled that Lockett's vehicle usage exhibited a regular pattern of unsupervised control of the car and that nearly all the factors a court should consider when analyzing ownership weighed in favor of finding constructive ownership. Plaintiffs now appeal.

## II. ANALYSIS

On appeal, plaintiffs argue that the trial court erred by granting Farmers' motion for summary disposition because the court relied on Coleman's inconsistent and speculative testimony. Plaintiffs posit that the trial court did not view the evidence in a light most favorable to plaintiffs, did not make reasonable inferences in favor of plaintiffs, proceeded to act as a fact-finder, and made credibility assessments.

MCR 2.116(C)(10) provides that summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion are required . . . when judgment is sought based on subrule (C)(10)," MCR 2.116(G)(3)(b), and such evidence, along with the pleadings, must be considered by the court when ruling on the (C)(10) motion, MCR 2.116(G)(5). "When a motion under subrule (C)(10) is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4).

"A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Pioneer State*, 301 Mich App at 377. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). "[S]peculation is insufficient to create an issue of fact." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 282; 807 NW2d 407 (2011). A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); see also MCR 2.116(G)(6).

Under Michigan's no-fault act, MCL 500.3101 *et seq*., "the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance and property protection insurance as required under this chapter, and residual liability insurance." MCL 500.3101(1). This provision "requires the owner or registrant of a motor vehicle to carry insurance for personal protection, property protection, and residual liability." *Ardt v Titan Ins Co*, 233 Mich App 685, 689; 593 NW2d 215 (1999). "A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . "[t]he person was the owner or registrant of a motor vehicle . . . involved in the accident with respect to which the security required by section 3101 . . . was not in effect." MCL 500.3113(b); see *Ardt*, 233 Mich App at 689 ("the owner of an uninsured motor vehicle is not entitled to personal protection insurance benefits for bodily injury resulting from an accident involving that vehicle").

An "owner" includes "[a] person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days." MCL 500.3101(3)(*l*)(*i*). The issue here is whether there is a genuine issue of material fact regarding whether Lockett had the use of the car for a period greater than 30 days. In *Ardt*, 233 Mich App at 690-691, this Court construed the language now found in MCL 500.3101(3)(*l*)(*i*), stating:

[W]e hold that "having the use" of a motor vehicle for purposes of defining "owner" . . . means using the vehicle in ways that comport with concepts of ownership. The provision does not equate ownership with any and all uses for thirty days, but rather equates ownership with "having the use" of a vehicle for that period. Further, we observe that the phrase "having the use []of" appears in tandem with references to renting or leasing. These indications imply that ownership follows from *proprietary or possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another. [Emphasis in original; see also *Chop v Zielinski*, 244 Mich App 677, 680; 624 NW2d 539 (2001).]

In *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 530-531; 676 NW2d 616 (2004), our Supreme Court clarified and observed that for purposes of constructive ownership under MCL 500.3101(3)(*l*)(*i*), the person need not actually use the vehicle. Instead, the focus is on the "nature of the person's right to use the vehicle." *Id.* at 530. That said, a spotty and exceptional pattern of usage may not be sufficient to render a person the owner of a vehicle, while a regular pattern of unsupervised usage may well support a finding that a person was an owner for purposes of the statute. *Ardt*, 233 Mich App at 691.

In this case, I would hold that the documentary evidence established as a matter of law that Lockett had the use of the car for a period greater than 30 days. Although Coleman at times speculated or provided inconsistent deposition testimony with respect to some matters connected to Lockett's use of the car, he also provided unscathed testimony demonstrating that Lockett had full and unfettered use of the vehicle for the requisite period. I initially emphasize that plaintiffs presented no evidence whatsoever that conflicted with or contradicted Coleman's deposition testimony. Coleman testified that he and Lockett had dated for about 11 years, that they shared an apartment, that while he was serving a short stint in jail Lockett told him via phone that she had acquired a car, and that when he returned to their apartment about six weeks before the accident, she had the car at issue in her possession, i.e., Lockett had acquired the vehicle at some point during Coleman's incarceration. Coleman testified that Lockett kept the car parked at their apartment, a fact which I find particularly significant as it would mean the vehicle was parked at their apartment overnights, and that Lockett had a set of keys for the vehicle. Although Coleman acknowledged that he worked during the day and that he could not state that there was not a second set of keys for the car, plaintiffs did not provide any documentary evidence showing that the car was parked elsewhere during the day or that there was indeed a second set of keys.

Coleman was asked whether Lockett "own[ed] a car," and he responded: "I don't know – yeah, she had a car, that's for sure. I thought that was her car." The majority makes much of Coleman's hesitancy and lack of certainty. But the fact is that Lockett did not "own" the vehicle, at least in terms of ownership as understood by most people, and what was definitive in Coleman's answer to the question was that it certainly did appear to him that Lockett had the full *use* of the car. Plaintiffs did not present documentary evidence that any other person had use of the vehicle. Coleman also testified to his belief that Lockett could use the car "when she wanted to use it, whenever she needed to use it." Again, plaintiffs did not present any evidence that such was not the case. Coleman further testified that he never heard Lockett indicate that she needed to ask someone else for permission to use the car. Plaintiffs did not present any evidence that Lockett needed to ask or asked for permission to operate the vehicle. Coleman testified that he saw Lockett "drive [the car] a few times." He later testified that perhaps she used the vehicle a couple times a

week. Plaintiffs did not submit evidence that Lockett did not drive the car or that she operated the vehicle on less occasions than Coleman indicated. Moreover, MCL 500.3101(3)(*l*)(*i*) does not require proof of actual use of the vehicle. *Twichel*, 469 Mich at 530-531. Here, all indications pointed to Lockett's having a continuous right to use the car.

Contrary to plaintiffs' contentions and the majority's reasoning, this is not a case in which the trial court assessed Coleman's testimony and found him to be truthful or failed to view the evidence in a light most favorable to plaintiffs. Rather, the trial court accepted Coleman's testimony because there was no competing documentary evidence that conflicted with his testimony on the matters most relevant to whether Lockett had the use of the vehicle. Under this uncontroverted evidence, reasonable jurors would agree that Lockett constructively owned the car.

The majority's analysis effectively turns the principles of summary disposition on their head and renders them meaningless. I would fully agree that a jury would need to assess Coleman's credibility had conflicting evidence been presented by plaintiffs or had Coleman's testimony reflected that he was truly and clearly guessing on all the relevant issues surrounding Lockett's connection to the car. The problem is, however, when a party does submit documentary evidence on a factual material issue and the opposing party fails to counter that evidence, a court cannot be permitted in the context of a (C)(10) motion to rule that a jury still needs to assess the credibility of the unchallenged documentary evidence. By way of a simple example, if a party presented documentary evidence in the form of deposition testimony that a stoplight was red, and the opposing party did not present any evidence to the contrary, the rules of summary disposition would dictate that there is no genuine issue of fact that the light was red. It would not be consistent with the principles of summary disposition to deny summary disposition on the issue of whether the stoplight was red on the basis that a jury would need to assess the deponent's credibility. If the deponent testified that perhaps the stoplight was red or maybe it was green, then I would agree that summary disposition would be improperly granted. But in the case at bar, I believe that Coleman's testimony was sufficiently definitive on the issue whether Lockett had the use of the car for more than 30 days, such that plaintiffs needed to submit evidence to the contrary rather than to simply claim that Coleman's testimony was not worthy of belief or consideration.

In my view, the majority's reliance on *Baldwin v Nall*, 323 Mich 25, 29; 34 NW2d 539 (1948), is misplaced for the very simple reason that *Baldwin* concerned a jury trial and stands for the unremarkable proposition that it is a jury's and not a court's role to assess credibility and weigh the evidence, which the court cannot second-guess. Here, we are addressing a motion for summary disposition under MCR 2.116(C)(10), which specifically requires a court to ascertain whether there is conflicting evidence regarding a material fact. *Pioneer State*, 301 Mich App at 377. *Baldwin* is inapposite.

The only question in this case is whether Lockett had the use of the car for a period greater than 30 days, MCL 500.3101(3)(*l*)(*i*), and Coleman's testimony that she had keys to the car, that she drove the vehicle, that the car was kept at their shared apartment, and that she had access to the vehicle for approximately six weeks established Lockett as the constructive owner of the car in light of an absence of evidence to the contrary.

In sum, I would conclude that the trial court did not err in granting Farmers' motion for summary disposition. Accordingly, I respectfully dissent.

/s/ Jane E. Markey